OTTO *v.* CHAPIN.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — COMPENSABLE INJURY.

An employee, whose duties were to be at an automobile factory, receive cars when they came out, prepare them for a trip to the place of delivery, sign up men to drive them and get them started, and then go to the place of delivery in his employer's car and bring the drivers back, who took his employer's car at noon to drive from the factory to his home for his noonday meal, and was injured while cranking the car to return to the factory, was, at the time of the injury, off duty, and therefore the injury did not arise out of and in the course of his employment within the meaning of the workmen's compensation act.

2. SAME—FAILURE TO FILE NOTICE OF DEFENSE—WAIVER.

Although the employer failed to file a notice denying liability on the ground that the injury did not arise out of and in the course of the employment, as required by the rules of the commission, where the insurer, in writing, denied liability, the deputy commissioner was orally informed, before any testimony was taken at the hearing, that this defense was to be made, no objection thereto was raised, it does not appear that the employee was prejudiced by said failure, and on the hearing on review said issue was fully presented without objection, it cannot be said that said defense was waived.

Certiorari to Department of Labor and Industry. Submitted January 17, 1928; resubmitted March 27, 1928. (Docket No. 72, Calendar No. 33,411.) Decided July 24, 1928.

Edward L. Otto presented his claim for compensation against Leroy A. Chapin for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Ætna Life Insurance

Generally as to injuries "arising out of and in the course of the employment" within meaning of workmen's compensation acts, see annotation in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

Company, insurer, bring certiorari.    Reversed, and
order vacated.

*Walter S. Foster* (*Russell A. Searl,* of counsel), for
appellants.

*Thomas, Shields & Silsbee* (*Clayton F. Jennings,* of
counsel), for appellee.

NORTH, J.    On December 3, 1926, Edward L. Otto,
the plaintiff herein, suffered an injury which resulted
in the strangulation of a pre-existing hernia.    Assert-
ing this was a compensable accident within the mean-
ing of the workmen's compensation law, he presented
a claim, which was allowed by the commission, and
the case is in this court on certiorari.

Otto's employer, L. A. Chapin, contracted with
dealers and distributors of an automobile manufactured
in Lansing to deliver new cars to them across country.
The Ætna Insurance Company had issued a policy in
1923 which then covered Chapin's industrial risk.    The
plaintiff's duties were to be at the factory at Lansing
to look after the cars when they came out, prepare
them for the road trips, sign up men to drive them and
get them started on the road.    Thereupon plaintiff
would take an automobile belonging to his employer
and go to the place of delivery for the purpose of con-
veying the drivers back to Lansing.    Otto was em-
ployed by the week, but seems to have had no regular
hours of work, being subject to call at any time.
Plaintiff was on duty at the factory on the date of the
injury, and he took his employer's automobile at noon
to drive to his home for his noonday meal.    When he
was ready to return to the factory, he attempted to
crank the automobile, and while so doing the crank
slipped and plaintiff was injured in the manner above
indicated.    After the injury he drove the machine
to the factory, but was immediately re-conveyed to his

home by another employee.    The foregoing is plaintiff's statement as to the time, place, and manner in which he suffered his injury.    We are of the opinion it conclusively discloses that the accident occurred while the plaintiff was off duty, and that his use of his employer's automobile at the time was solely for his own convenience.    There is no testimony in the record tending to sustain a different conclusion.    Therefore, we hold that the injury was not one which arose out of and was incident to the plaintiff's employment, and he is not entitled to compensation unless the defendants have lost the right to urge that fact as a defense.

In presenting the case to this court, the plaintiff has strenuously insisted that the defendants cannot defend on the ground that the injury did not arise out of and in the course of plaintiff's employment because they failed to comply with Rule 4 of the department of labor and industry, wherein it is provided:

"If the employer denies liability in case where a claim for compensation is filed by an injured employee or his dependents, such denial shall be filed in duplicate with the commission in writing by such employer and shall set forth with reasonable detail and certainty the facts and circumstances upon which he relies as a defense to such claim.    Upon the filing of such denial in the office of the commission, a copy of same shall be furnished to the claimant, so that he will have such seasonable information as to the nature and particulars of the employer's defense as may be reasonably necessary to enable him to procure witnesses and prepare for the hearing.    Respondents will be limited to the grounds of defense so stated on the arbitration hearing and also on review before the commission.    Provided, that in exceptionable cases and for good cause shown respondents may be permitted to amend such denial of liability, which is in the nature of a plea, but such amendment will not be allowed in cases where it would be inequitable or result in surprise to the opposite party.    Failure or refusal to seasonably file such denial shall be deemed an admission of liability. One of the fundamental purposes of this rule is to

prevent parties from concealing their defense in a case until the opposite party has submitted his proofs, thereby misleading him to his injury."

Defendants did not give the notice required by the foregoing rule; but notwithstanding this, the record discloses the following as bearing upon the right of the defendants to defend on the ground that plaintiff's injury did not arise out of and was not incident to his employment: The plaintiff gave notice of his claim for compensation in consequence of his injury December 24, 1926. On February 9, 1927, the Ætna Life Insurance Company wrote a letter to the department of labor and industry in which it denied liability on the ground that the insurance policy issued by it had lapsed prior to the date of the injury in consequence of the nonpayment of the premium due thereon. While this letter does not conform to the requirements of the notice specified in the rule, still in their brief plaintiff's counsel state they are willing to accept it as a denial of liability on the ground indicated. The claim was brought on for hearing before the deputy commissioner April 9, 1927, and thereupon, in response to the usual interrogatories, and presumably in the presence of the plaintiff, both defendants being represented by the same counsel, stated "we claim that the accident did not arise out of the employment." The plaintiff was not represented by an attorney at this time, and in his brief he states because he was not aware of matters of procedure he did not file objection because of the defendants' failure to comply with Rule 4. This would seem to indicate quite conclusively that he was not misled or in any way prejudiced by this failure of the defendants to comply with the rule. The record made before the deputy commissioner is barren of any proof tending to show that the injury arose out of or in the course of plaintiff's employment. Notwithstanding this, the deputy commissioner

specifically found that the injury arose out of and in the course of plaintiff's employment, and compensation was awarded to the plaintiff.   The defendants filed a claim of review wherein they set forth as a basis for their claim the following:

"(1) The award is contrary to the law and evidence.
"(2) The disability was not due to the alleged accident.
"(3) *The alleged injury did not arise out of and in the course of the employment.*"

Upon review before the commission, the plaintiff was represented by counsel; and in his behalf an application was made for the taking of further testimony. This application was granted by the commission, and in the taking of the testimony plaintiff's counsel examined him at length on the issue as to whether his injury arose out of and in the course of his employment.   Thus this issue clearly appears to have been presented in the record without objection on the part of the plaintiff.   In the opinion of the commission filed incident to the hearing on review, after referring to the defendants' failure to give the notice required by Rule 4, it is stated:

"However, inasmuch as the testimony does not disclose that this point was raised by plaintiff's attorney, and on account of the letter received by this department from the Ætna Life Insurance Company, February 10, 1927, the commission are willing to consider the matter further."

The merits of plaintiff's application were thereupon considered and the award in his favor made by the deputy commissioner was affirmed.

Notwithstanding the failure of the defendants to file a written notice in duplicate of their proposed defense in accordance with Rule 4, it should have been held, because of defendants' oral statement to the deputy commissioner before any testimony was taken, that this issue was in the case and because of the subsequent

record made relative thereto as hereinbefore indicated, that this defense was not waived.   In effect, this was done by the commission at the hearing on review, and in passing upon this issue it found "that the injury arose out of and in the course of plaintiff's employment with the defendant L. A. Chapin."   As before indicated, we are of the opinion that the record contains no evidence tending to sustain this determination, and that the plaintiff's claim should have been disallowed on the ground that it did not arise out of or in the course of his employment.

The award will be vacated.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDON-ALD, POTTER, and SHARPE, JJ., concurred.