## VAN SWEDEN v. VAN SWEDEN.

1. STATUTES—CONSTRUCTION—SPECIFIC MENTION EXCLUDES THAT NOT MENTIONED.

   Inclusion by specific mention excludes what is not mentioned.

2. MASTER AND SERVANT—INFANTS—WORK PERMIT—CARPENTER'S HELPER—CHILD LABOR LAW.

   Under section 10, Act No. 206, Pub. Acts 1923, as amended by Act No. 312, Pub. Acts 1925, making it unlawful to hire child under 18 years of age in certain designated occupations without work permit, it was not unlawful for father to hire his 16-year old son as carpenter's helper without said permit, where said occupation was not mentioned in said statute.

3. SAME—APPROVAL OF DEPARTMENT NOT REQUIRED UNLESS OCCUPATION HAZARDOUS.

   Under section 11, Act No. 206, Pub. Acts 1923, approval of department of labor and industry that occupation is not unduly hazardous is not required unless occupation is hazardous as such.

4. SAME—HAZARD IS RISK INCIDENT TO OCCUPATION.

   A hazard rendering occupation hazardous under section 11, Act No. 206, Pub. Acts 1923, requiring approval of department of labor and industry of employment of child under 18 years of age at such occupation, is a risk incident to the nature of the work, and not a fortuitous circumstance likely to occur in any every-day act.

5. SAME—EMPLOYMENT OF 16-YEAR OLD BOY AS CARPENTER'S HELPER WITHOUT APPROVAL OF DEPARTMENT NOT ILLEGAL.

   Occupation of carpenter's helper is not hazardous, and therefore father's employment of his 16-year old son at said occupation without approval of department of labor and industry was not unlawful under section 11, Act No. 206, Pub. Acts 1923.

6. SAME—MINOR NOT ENTITLED TO DOUBLE COMPENSATION WHERE EMPLOYMENT NOT ILLEGAL.

   Employment of 16-year old boy as carpenter's helper by his father without approval of department of labor and industry

---

On application and effect of workmen's compensation act, in case of injury to minors, see annotation in 14 A. L. R. 818; 33 A. L. R. 337; 49 A. L. R. 1435.

was not illegal under section 11, Act No. 206, Pub. Acts 1923, and therefore the department was in error in awarding double compensation to boy for injuries received in such employment.

7. Same—Workmen's Compensation Act—Compensable Injury.
   Under the workmen's compensation act, an injury to be compensable must arise out of and in the course of employment.

8. Same—Minors—Waiver—Partial Emancipation.
   While father is entitled to services of his 16-year old son, father, by employing son and agreeing to pay him wages, waived said right, resulting in special and partial emancipation of son, so that contract of employment is legal, and relation of master and servant is created.

9. Same—Waiver of Procedure.
   Where agreement between injured employee and employer's insurer for compensation was disapproved by department of labor and industry, and hearing, which was directed by department on its own initiative, was had without application for adjustment of claim being filed or served upon employer or insurer, and consequently no answer filed setting forth grounds of defense, neither party, nor the department, at close of hearing, may invoke rules of procedure so ignored.

10. Same—Framing of Issues Should Have Been Directed.
    The department of labor and industry, in directing a hearing on its own initiative, should have directed framing of issues.

Certiorari to Department of Labor and Industry. Submitted January 15, 1930. (Docket No. 97, Calendar No. 34,623.) Decided April 7, 1930.

John Van Sweden presented his claim for compensation against Elias Van Sweden and the Ætna Life Insurance Company for an accidental injury in defendant's employ. Defendants review an award of double compensation under Act No. 162, Pub. Acts 1927, by certiorari. Reversed.

*Cornelius Hoffius,* for plaintiff.

*Travis, Merrick & Johnson,* for defendants.

WIEST, C. J. Elias Van Sweden, a carpenter, employed his 16-year old son John as a helper. Elias was operating under the workmen's compensation law (2 Comp. Laws 1915, § 5423 *et seq.,* as amended). A nail John was driving hit and injured his left eye. Report of the accident was made, and an agreement entered into between John and the insurance carrier for weekly payments during disability. The department of labor and industry, on account of the age of the boy and the fact his employment had not been approved by the department, refused approval of the agreement, and directed a deputy commissioner to conduct a hearing. A hearing was had, the deputy found the employment of the boy unlawful, and awarded double compensation under Act No. 162, Pub. Acts 1927. Upon appeal, the commission affirmed the award. Review is by certiorari.

The insurance carrier claims:

"1. That there is no evidence of illegal employment; the work at which plaintiff was employed was nonhazardous, therefore no approval by the department was necessary. No permit was necessary.

"2. There is no evidence of a valid employment relation in this case, there being no evidence of emancipation.

"3. An unemancipated minor cannot sue his father for compensation, especially on a claim of illegal employment, because it is against public policy for a son to bring such an action against his father.

"4. The department has no jurisdiction to set a case for hearing on its own initiative."

Was the employment of this boy by his father unlawful? Section 10, Act No. 206, Pub. Acts 1923, as amended by Act No. 312, Pub. Acts 1925, provides:

"It shall be the duty of every mercantile institution, store, hotel, office, laundry, manufacturing establishment, mine, bowling alley, work-shop, quarry, telegraph or messenger service or any person coming within the provisions of this act to keep a register in which will be recorded the name, birthplace, age and place of residence of every person employed under the age of eighteen years and it shall be unlawful for any such establishment or person to hire or employ or permit to be hired or employed or suffered to work, any child under the age of eighteen years without there is first provided and placed on file in the business office thereof a permit or certificate."

The mentioned permit is a work permit issued, under certain regulations, by designated public school officials. The boy had no such permit, and the commission held the act applicable and his employment unlawful. The statute does not include a carpenter's helper in its mention of business callings, unless the language "or any person coming within the provisions of this act," serves as a catchall. If such were its purpose, it could have been made plain by omitting special mentioned callings and stating that the act applies to every employer. The enumerated callings are easily comprehended, and a search of the act and its amendments fails to disclose any further inclusion by the term, "any person coming within the provisions of this act." It is a familiar rule that inclusion by specific mention excludes what is not mentioned. The employment of the boy, as a carpenter's helper, by his father, without a work permit, was not made unlawful by the mentioned statute.

Was the employment unlawful under section 11, Act No. 206, Pub. Acts 1923, without having the occupation approved by the department of labor and

industry as not injurious to his health or morals or unduly hazardous? No such approval was had. Must approval be special in each instance of employment, or may occupations be classed and approved as not unduly hazardous? If the work of a carpenter's helper is not hazardous, was it unlawful to so employ the boy without approval by the department? If a well-defined and commonly understood occupation is approved as not unduly hazardous by the department, it requires no special approval in each instance to render employment therein lawful. We find no such general approval in this record.

Perhaps all occupations carry some degree of hazard, dependent upon care exercised, but only occupations, hazardous as such, are barred to minors. If the occupation is not injurious to health or morals or hazardous, then it requires no approval of the department that it is not *unduly* hazardous. Safety to minors, as well as protection to employers, demands approval, at least, of occupations not so clearly nonhazardous as to forbid a holding that they are unduly hazardous. The work of the boy as a carpenter's helper, as shown by this record, was not hazardous. The accident was of a nature possible of happening to any person driving a nail.

The commission held:

"There is no evidence in this case that it (the work) was hazardous, but the illegality in our opinion was the employment of the boy as a carpenter's helper on building operations without first having the work that he was to do approved by this department as not being unduly hazardous."

Let us consider the far-reaching effect of such a holding. If a father takes a job of house cleaning and employs his 16-year old boy, paying him by the hour, to beat rugs, is the employment illegal, though

it involves, in fact, no hazard? We forbear multiplying instances readily coming to mind. A hazard, within contemplation of the statute, is a risk incident to the nature of the work, and not a fortuitous circumstance likely to occur to any one in performing an every-day act.

We have under consideration the case of a father employing his own boy, and not a case of a hiring by another, and, of course, limit decision to the very matter before us.

Affirmance of the holding of the commission would astound fathers and mothers. We cannot read into the statute the inhibition applied by the board in case of a father employing his son in nonhazardous work under the father's personal supervision.

The father testified that his son was working for him as a carpenter helper; his work being to "clean up the houses, * * * carry some lumber, * * * and nail on grounds," and the work was inside and not at all dangerous. The employment in this instance was not in fact hazardous, therefore, not unlawful.

The commission was in error in finding the employment illegal, regardless of the facts, and in awarding double compensation.

We said in *Wimpari* v. *Rubicon Lumber Co.,* 227 Mich. 223:

"The work in which plaintiff was engaged at the time of his injury not being hazardous, his contract of employment was legal, and his right of recovery under the act must be upheld."

Work not hazardous in fact needs no approval by the department; work involving some degree of hazard must be approved by the department as not unduly hazardous.

Act No. 19, Pub. Acts 1927, provides:

"Any minor over sixteen and under eighteen years of age engaged in an occupation approved by the department of labor and industry as required by section eleven of act number two hundred eighty-five of the public acts of nineteen hundred nine, as amended, shall, within the meaning of said act, be considered to be legally employed, and shall in all cases be subject to act number ten of the public acts of nineteen hundred twelve (extra session), as amended, known as the workmen's compensation law, provided that the employer has filed the required permit or certificate for said minor."

The last amendment to section 11, Act No. 285, Pub. Acts 1909 (2 Comp. Laws 1915, § 5332), is Act No. 206, Pub. Acts 1923, and this section we have mentioned and discussed. The act of 1927 adds nothing to previous acts mentioned therein, and does no more than declare that legal employment follows compliance with the provisions of the mentioned statutes. The former statutes declared employment of minors in certain occupations, without compliance with regulatory provisions, illegal. This statute declares employment of minors in certain occupations, under compliance with regulatory provisions, legal. This statute does not extend the power of the department of labor and industry to approval of occupations beyond the power conferred by previous legislation.

Under the compensation law, an injury to be compensable must arise out of and in the course of an employment. This requires the relation of employer and employee, and necessarily involves a contract. This brings us to the question of the employment in this instance.

The father was entitled to the services of the son, but such right did not prevent an agreed different relation under partial emancipation.

The right of a father to the services of a minor son is unquestioned. The right runs back into the mists of the common law, and, earlier than that, is found in Roman law, digested by Justinian. At all periods the father could waive the right. Emancipation of a son by a father involves no such formality as oldtime manumission of a slave. It may be special or general, partial or complete. It may be express or established by circumstances. There was at least special and partial emancipation as a consequence of the hiring of the son by the father under an agreement to pay the son wages.

In *Bristor* v. *Railway Co.*, 128 Iowa, 479 (104 N. W. 487), the court quoted from *Porter* v. *Powell*, 79 Iowa, 151 (44 N. W. 295, 7 L. R. A. 176, 18 Am. St. Rep. 353):

" 'To emancipate is to release; to set free. It need not be evidenced by any formal or required act. It may be proven by direct proof or by circumstances. To free a child, for all the period of minority, from care, custody, control and service, would be a general emancipation; but to free him from only a part of the period of minority, or from only a part of the parent's rights, would be limited. The parent, having the several rights of care, custody, control and service during minority, may surely release from either without waiving his right to the other, or from a part of the time without waiving as to the whole. A father frees his son from services. That does not waive the right to care, custody and control, so far as the same can be exercised consistently with the right waived.' The mere fact that the son continued to make his home with the father, and continued to assist him somewhat about his farm work, is not controlling."

The employment was not illegal, and we need not consider the third point urged.

The employer was operating under the compensation act, and made report of the accident. An agreement with the insurance carrier was disapproved by the board. The parties requested a hearing. A hearing was ordered and had. There was no application for adjustment of claim filed or served upon defendants, and, consequently, no answer filed setting forth the grounds of defense. In such case, neither party, nor the commission, at the close of a hearing, may invoke rules of procedure so ignored. In directing a hearing on its own initiative, the commission should have directed the framing of issues. The primary irregularity was by the commission in ordering a hearing without compliance with its own rules relative to framing issues. The deputy commissioner at the hearing also failed to frame issues. The commission in an opinion, while mentioning the question of procedure, passed upon the points urged, and we have done likewise. Upon this question, see *La Count* v. *Von Platen-Fox Co.*, 243 Mich. 250; *Otto* v. *Chapin*, 243 Mich. 256.

The boy worked for his father during the summer school vacation, and, at the time of injury, September 24, 1928, he was attending vocational school one day a week. See chapter 23, Act No. 319, Pub. Acts 1927.

The award of double compensation is vacated, and the case remanded with direction to enter an award of single compensation in accord with this opinion. Defendant insurance company will recover costs.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.