New Jersey Department of Labor,
Workmen's Compensation Bureau.

ELIHU S. ESTES, BY MARY A. ESTES, HIS NEXT FRIEND, PETITIONER, v. CLIFFORD W. ESTES, RESPONDENT.

Decided March 24, 1937.

For the petitioner, *Newton H. Porter.*

For the respondent, *Henry M. Grosman.*

\*     \*     \*     \*     \*     \*     \*

The facts briefly are as follows:

The petitioner, who was nineteen years of age, while employed in the factory of his father, at Arlington, New Jersey, May 11th, 1936, suffered an injury as result of which his right index finger came in contact with an electric fan, and was subsequently amputated. There is no dispute as to the accident or the extent of the injury resulting therefrom nor of the medical bills incidental to the treatment of the petitioner's injury.

However, the respondent disclaims liability for compensation payments and contends that the case was not compensable because the petitioner being an unemancipated minor, could not, under the laws of this state, sue his father and that the claim was not within the purview of the Workmen's Compensation act in New Jersey.

The petitioner claims that he received a wage of $5 a week from his father and that from these moneys he purchased all his clothes and that he received no spending money or allowance from his father except this wage. Petitioner lived with his parents.

The law is well settled that emancipation is a question of fact and is not dependent *per se* upon the age of the infant.

If the petitioner was not emancipated, then clearly by reason of the well settled law in this state he cannot sue his

parent for compensation either at common law or by statute. *Reingold* v. *Reingold,* 115 *N. J. L.* 532; 181 *Atl. Rep.* 153.

In the instant case the facts are undisputed that the petitioner, an infant, was living with his parents, and was attending Glen Ridge High School, at the time when the accident occurred. It is admitted that he did assist his father after school hours, and it is admitted that he received checks occasionally from his father, none exceeding $5, and some were less, made payable to various trading people, presumably at the direction of the son.

Having considered all the testimony, the conclusion is inescapable that the petitioner in this case was in fact an unemancipated minor. The services he rendered to his father was such services as the father was legally entitled to receive from his son; and the moneys the petitioner received from his father were pursuant to the father's legal obligation to maintain the child. These moneys were admittedly used to cover petitioner's spending allowance and to pay for his clothes. The petitioner claims that he bought all his clothes, although the father testified that he also contributed towards this expense. The very fact that the petitioner was still going to school, is another indication of the father, the respondent in this case, performing his legal duty to educate his child.

It is the opinion of this court that the moneys disbursed to the petitioner, by the respondent, his father, were in the nature of gratuitous allowance intended to develop character of the petitioner and teach him the habits of frugality and to live within his means. If this claim were allowed, then any school girl who helps her mother about the house and receives a weekly allowance, would be entitled to make claim for compensation, if she suffered an injury while so engaged. This contrary to the intent and the letter of the laws of this state.

It is therefore ordered, adjudged and decreed that the petitioner in this case is not entitled to compensation and the formal petition in this cause be and hereby is dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*