[File No. 6546.]

JOHNNY DENIUS, Respondent; v. NORTH DAKOTA WORK-MEN'S COMPENSATION BUREAU, Appellant.

(281 N. W. 361.)

Opinion filed August 15, 1938.   Rehearing denied October 8, 1938.

*Alvin C. Strutz,* Attorney General, *Milton K. Higgins* and *A. M. Kuhfeld,* Assistant Attorneys General, for appellant.

*Thomas J. Burke,* for respondent.

MORRIS, J. This is an appeal from a judgment of the district court directing the payment of compensation to the plaintiff. A trial de novo is demanded. The record discloses that Peter Denius, father of the plaintiff, is the operator of a truck line out of Center, North Dakota, and during all of the times involved in this action, was insured in the North Dakota Workmen's Compensation Fund under the classification, "Trucking, hauling, teaming, etc." On October 18, 1934, Peter Denius filed with the Workmen's Compensation Bureau an estimated pay roll of $540.00 for the next twelve months period. During the first part of 1935 he employed one Martin Richter, who drove the truck regularly operated in the trucking business. This man quit on July 25, 1935. Thereafter and until the accident which resulted in the disability for which compensation is claimed, the plaintiff drove the truck and did the work formerly performed by Richter. The plaintiff was seventeen years of age at the time of the accident, which occurred on September 22, 1935.

It appears that in addition to the trucking business above mentioned, Peter Denius owned a garage in which he operated the business of selling secondhand parts for automobiles. The mechanical work in the garage was done by one August Pershcke, who furnished

his own tools and for the privilege of conducting his business in the garage paid Peter Denius twenty-five per cent of the money that he took in for labor. Automobile parts necessary in making the repairs were purchased by Pershcke from the stock of secondhand parts belonging to Denius. Pershcke also operated a gas and oil business in connection with the garage, and divided the profits on a fifty per cent basis with Denius.

When the accident occurred Johnny Denius had been instructed by his father to go to Mandan, a distance of about thirty-three miles, and drive back an old automobile which the elder Denius had purchased for the purpose of having it disassembled. Johnny started to drive the old automobile back to Center, but it broke down when he was about half way home. He then contacted his father who instructed him to take a truck that was specially designed for towing automobiles and bring in the disabled car. While obeying the father's instructions Johnny lost control of the tow truck which ran off the road, tipped over, and injured him severely.

The appellant states that there are but two issues involved in this appeal. First, was the plaintiff an employee of Peter Denius at the time of the injury? Second, was Peter Denius insured for the kind of work that his son Johnny was doing at the time of the injury?

The appellant urges that Johnny Denius, the son, was not an employee within the contemplation of the Workmen's Compensation Act, but being a minor and living at home was merely a member of the family who did occasional work as a member of the family group and received no wages other than spending money from time to time, and that there was no express or implied contract for hire between the father and son.

The fact that Johnny Denius was a minor when injured does not of itself preclude him from being an employee within the terms of the Workmen's Compensation Law. Chapter 286, N. D. Session Laws, 1935, defines the status of an employee as follows:

" 'Employee' means every person engaged in a hazardous employment under any appointment, or contract of hire, or apprenticeship express or implied, oral or written, including aliens, and including poor relief workers, except workers engaged in repaying to counties relief monies which the counties have been compelled by statute to

expend for poor relief and also including minors, whether such minors are lawfully or unlawfully employed, but excluding any person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer."

The next point to consider is whether the plaintiff's status is affected by the fact that the purported employer is the father and the purported employee his minor son. The plaintiff cites the case of Ætna L. Ins. Co. v. Industrial Acci. Commission, 175 Cal. 91, 165 P. 15, L.R.A.1918F, 194. In that case a minor son nineteen years of age living with his parents, was injured while doing work which his father had directed him to do. In reply to questions concerning the contract of employment, the father testified,

"There was really no arrangement; he is not of age, and simply works for what I tell him, and there was no contract or agreement whatever between us; he does whatever I tell him to do."

The court held that the fact that the father gave the son small sums of money from time to time even though these payments may be termed wages, did not establish an emancipation of the child and that the relationship of employer and employee did not exist.

The facts in the case before us differ materially from those before the California court. There is some confusion of testimony regarding the son's employment prior to the time that Martin Richter quit driving the transportation truck on July 25. It is clear, however, that after that date the plaintiff took the place of the regular employee in driving the truck operated in the transportation business, and that he was paid a regular wage. The payment of wages is established by the uncontradicted testimony of the father and son. They are corroborated, to some extent by two other witnesses who saw the father pay the son different sums at various times. It is true that where, as in this case, both the father and minor son claim the existence of a relationship upon which rests the right of one or the other to recover from a third party, the evidence which tends to establish the existence of that relationship will be closely scrutinized by the court. Nevertheless, positive testimony cannot be supplanted by mere surmise, and where, as in this case, the attendant facts and circumstances are such that the existence of the relationship is entirely reasonable, the court will not reach out in search of reasons to deprive the claimant of bene-

fits which he would be clearly entitled to had it appeared by testimony of like character that he was the employee of one to whom he was not related.

In Van Sweden v. Van Sweden, 250 Mich. 238, 230 N. W. 191, the father testified that his son was working for him as a carpenter's helper when injured. The court, in deciding that the son was an employee, said:

"Under the compensation law, an injury to be compensable must arise out of and in the course of an employment. This requires the relation of employer and employee, and necessarily involves a contract. This brings us to the question of the employment in this instance.

"The father was entitled to the services of the son, but such right did not prevent an agreed different relation under partial emancipation.

"The right of a father to the services of a minor son is unquestioned. The right runs back into the mists of the common law and, earlier than that, is found in Roman law, digested by Justinian. At all periods, the father could waive the right. Emancipation of a son by a father involves no such formality as oldtime manumission of a slave. It may be special or general, partial or complete. It may be express, or established by circumstances. There was at least special and partial emancipation as a consequence of the hiring of the son by the father under an agreement to pay the son wages."

In the case at bar it has been established that the son was performing the regular work for which a former employee has been hired and paid, and that the son was working for wages. He was an employee within the meaning of the Workmen's Compensation Act.

We now come to the second ground of non-liability urged by the appellant. As we have noted before, Peter Denius carried compensation insurance covering the classification, "Trucking, hauling, teaming, etc." The plaintiff was injured while hauling a disabled automobile with a tow truck owned by his father, but which was not the truck generally used in hauling freight. Peter Denius had not applied for any compensation insurance covering the garage business. The plaintiff claims that his father was not operating the garage, but that August Pershcke was operating it, and that the tow truck owned and operated by Peter Denius was a part of the trucking and transporta-

tion business. The Bureau claims that the operation of a tow truck is normally included with that of the garage business and is not a part of a trucking business, and in this case the operation of the tow truck is not covered by the insurance carried by Peter Denius. It does not appear that the terms used in the classification under which insurance is claimed are defined either by statute or bureau regulation. We must, therefore, look to the usual definitions applicable to these terms. Webster's International Dictionary defines "haul" as follows: "To pull or draw with force; to drag; to transport by hauling."

The vehicle which the plaintiff was driving when injured was a truck equipped so that it might be attached to disabled vehicles and so move them from place to place. The fact that such a truck may be and usually is used as an adjunct of a garage business does not necessarily preclude its use as a part of a trucking business. Furthermore, such a truck owned by one engaged in the trucking business and also in the garage business might quite conceivably be used in both businesses. It might be used part of the time by a garage employee as part of the garage business, and at another time by an employee of a trucking and transportation business as a part thereof. Johnny Denius was clearly an employee of a trucking business and covered by compensation insurance when engaged therein. The fact that he took a tow truck out on the highway and with it hauled and transported another motor vehicle was not such a deviation from the trucking business that he was not covered by insurance when so engaged. Plaintiff's injury arose in the course of his employment.

Affirmed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., and GRIMSON, Dist. J., concur.

SATHRE, J., being disqualified, did not participate, Hon. G. GRIMSON, Judge of Second Judicial District, sitting in his stead.