## McKINLEY v. CITY OF FRASER.

1. MUNICIPAL CORPORATIONS—HOME-RULE CITY CHARTERS—ORDINANCES—INITIATIVE—SEWER RATES.

An ordinance of a home-rule city establishing rates for users of sewage disposal system was not invalid by reason of the fact that it had been proposed by an initiatory petition, where statute permitted charters of such cities to contain provision "for the initiative and referendum on all matters within the scope of its powers," and the city charter contained implementing provisions thereto (CL 1948, § 117.4i, as amended by PA 1957, No 131; City of Fraser Charter, §§ 7.10, 7.14).

2. SAME—HOME-RULE CITIES—INITIATIVE—STATUTES.

The legislative grant of power to home-rule cities to provide in their charters for the use of the initiative and referendary powers as to ordinances is not in conflict with the limitation on the exercise of the initiative as to legislation as now contained in the Constitution (Const 1908, art 5, § 1, as amended in 1941; art 8, §§ 20, 21; CL 1948, § 117.4i, as amended by PA 1957, No 131).

3. COSTS—INITIATIVE—HOME-RULE CITY RATE ORDINANCE.

No costs are allowed in suit for declaratory judgment as to validity of initiatory proposed home-rule city ordinance relative to rates for users of sewage disposal system (Const 1908, art 5, § 1; art 8, §§ 20, 21; CL 1948, § 117.4i, as amended by PA 1957, No 131; City of Fraser Charter, §§ 7.10, 7.14).

Appeal from Macomb; Spier (James E.), J. Submitted October 13, 1961. (Docket No. 46, Calendar No. 48,788.) Decided March 19, 1962.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 37 Am Jur, Municipal Corporations § 107.
[3] 14 Am Jur, Costs § 36.

Petition by Otis McKinley against the City of Fraser, a municipal corporation, for declaratory judgment holding void an ordinance adopted under initiatory proceedings. Stanley A. Berlin, Joseph Muhlhammer, and Leo R. Sadowski, electors, intervene as parties defendant. Judgment for plaintiff. Intervening defendants appeal. Reversed and remanded.

*Neale & Steeh,* for defendant City of Fraser, asking affirmance.

*Mather & Glime,* for intervening defendants.

BLACK, J. The agreed question in this case is whether a "rate" ordinance\*, proposed by the initiative under the presently quoted municipal charter provision, may with sanction of law be so initiated as against objection that it is not of "legislative character." The circuit court, hearing the matter on petition for declaratory judgment, held generally that provisions for initiation of municipal ordinances are applicable only to acts "which are legislative in character." See annotation, "Character or subject matter of ordinance within operation of initiative and referendum provisions." 122 ALR 769. It was held accordingly that the mentioned ordinance was not of legislative character and so was not an appropriate subject of initiatory proceedings. The intervening defendants appeal.

The parties concede that the stated question is one of first impression—in Michigan. In our view the quoted general rule cannot be applied to the

---

\* The questioned rate ordinance is described by title as "An ordinance regulating the installation and connection of building sewers, to establish a building sewer connection charge, to fix and determine the rates, fees, and charges to be paid by the users of a sewage disposal system and providing a penalty for the violation of the terms of this ordinance."

case before us since the present language of section 4i of the home-rule act, likewise that of the applicable charter provision of the defendant city, unequivocally and unitedly authorize initiation of *any* kind or type of ordinance. Section 4i, and the charter provisions referred to, appear in the margin.*

The understandable objection to an unlimited power of local initiation is that such power can be employed to interfere with the necessary administration of municipal affairs and that it vests with disgruntled or otherwise misguided minorities the power to impede the efficiency which is necessary to the due execution of local government. ·

There is an answer to all this. It is found in the foregoing quotations of the home-rule act and the charter of the defendant city. The home-rule act authorizes, but does not require, charter provisions authorizing the initiatory power "on all matters within the scope of its [the city's] powers." The defendant city's charter, proceeding as it does in accordance with such permission, provides for the adoption, amendment, or repeal of *any* ordinance by initiatory proceedings. If the electors of Fraser wish to modify or change the broad power of initiative so granted, they may proceed to amend or repeal as indicated. They voted the power into

* Section 4i of the home-rule act as last amended by PA 1957, No 131, provides under the heading "Each city may in its charter provide:", as follows:

"For the initiative and referendum on all matters within the scope of its powers and for the recall of all of its officials." CL 1948, § 117.4i, as amended (Stat Ann 1959 Cum Supp § 5.2082).

Section 7.10 of the defendant city's charter provides, under the heading "Initiative and referendum":

"An ordinance may be initiated by petition, or a referendum on an ordinance enacted by the council may be had by petition, as hereinafter provided."

Subsequent section 7.14 of the charter provides:

"Any ordinance may be adopted, amended or repealed by appropriate referendary or initiatory proceedings instituted in accordance with the provisions of this chapter or upon submission to the electorate by the council, upon its own motion."

their municipal law. They alone—unless the legislature in the meantime ordains otherwise—may change or modify such power.

Since the Constitution directs legislation as provided in the home-rule act and expressly authorizes ("under such general laws") the framing, adoption, and amendment of city charters by the electors of each home-rule city (see sections 20 and 21 of article 8, Const 1908), it cannot be said that the quoted portion of the home-rule act. likewise the quoted portions of the defendant city's charter, are in conflict with section 1 of article 5 of the Constitution of 1908 (amended April 7, 1941). Said section 1 applies only to the legislative power of the State proper. It imports no limitation upon such general power of initiation as the legislature may choose to grant, and has actually granted, by said section 4i.

Reversed and remanded for further proceedings in accordance with this opinion. No costs.

Dethmers, C. J., and Carr, Kelly, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.

Adams, J., took no part in the decision of this case.