EARL L. WILLIAMS, III, PETITIONER-RESPONDENT, v.
E. L. WILLIAMS, Jr., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1966—Decided March 23, 1966.

Before Judges GAULKIN, LABRECQUE and BROWN.

*Mr. Kenneth J. Fornabai* argued the cause for appellant (*Messrs. Fornabai, Hogger & Piscopo,* attorneys; *Mr. Edward J. Cahill,* on the brief).

*Mr. William J. Gearty* argued the cause for respondent (*Mr. Thomas E. Durkin, Jr.,* attorney).

The opinion of the court was delivered by

BROWN, J. A. D. Respondent appeals from a County Court judgment affirming a Workmen's Compensation Division award to petitioner, his minor son, who was injured in respondent's employment. The only question presented on this appeal is whether or not petitioner was emancipated so as to enable him to sue his father for workmen's compensation.

The uncontradicted testimony of petitioner established that he replaced an employee in his father's firm. His weekly salary was about $63, from which withholding taxes were deducted. There is nothing in the proofs to negate the conclusion that this remuneration was treated in respondent's books as a regular business expense.

According to respondent, other considerations explicit in the evidence militate against a finding that this 17-year-old boy was emancipated in a general sense. It is urged that the presumption against emancipation is supported by a showing that petitioner acquiesced in an arrangement by which his father retained paternal control—he was required to be home by 11 P. M. and would be subject to discipline for disobedience; he lived with respondent and paid no board, and he was ordered to go to work immediately after graduation from high school.

The cases cited by respondent do not hold that petitioner would be barred from suing his father for compensation unless total emancipation is demonstrated. In *Estes v. Estes,* 15 *N. J. Misc.* 305, 191 *A.* 107 (*Dept. Labor* 1937), no contract of employment was proved. The evidence led the deputy commissioner to find that the moneys disbursed by the father were a "gratuitous allowance" in a domestic setting. The

facts in *Cafaro v. Cafaro,* 118 *N. J. L.* 123 (*E. & A.* 1937), fall short of those presently before us.

Where, as here, an employment contract with the parent has been proved, there is to that extent a partial emancipation removing the disability which would otherwise exist. A distinction between "general" and "partial" or "special" emancipation was recognized in *Cafaro.* The foregoing rationale is in accord with treatment of the problem in other jurisdictions. *Curt v. Industrial Commission,* 226 *Wis.* 16, 275 *N. W.* 447 (*Sup. Ct.* 1937); *Van Sweden v. Van Sweden,* 250 *Mich.* 238, 230 *N. W.* 191 (*Sup. Ct.* 1930); *Denius v. North Dakota Workmen's Comp. Bureau,* 68 *N. D.* 506, 281 *N. W.* 361 (*Sup. Ct.* 1938). See 1 *Larson, Workmen's Compensation Law* (1965 rev.), § 47.20, *p.* 691.

There is no dispute that the employment arrangement between respondent and petitioner was contractually *bona fide.* Accordingly, there was partial emancipation to that extent. Incidental thereto was the right of petitioner, as employee, to sue for workmen's compensation.

The judgment of the County Court is affirmed.