YUREK v. CITY OF STERLING HEIGHTS

1. MUNICIPAL CORPORATIONS—PUBLIC UTILITIES—RAISING FUNDS.
   Municipal corporations have the authority to raise funds for construction, operation, and maintenance of public utilities (MCLA 141.101 *et seq.*).

2. MUNICIPAL CORPORATIONS—DISCRETIONARY ACTS—JUDICIAL INTERFERENCE.
   Courts will not interfere with discretionary acts of municipal officers where the municipalities are engaging in authorized activities for public purposes except in the case of malicious intent, arbitrary action, or corrupt conduct.

3. MUNICIPAL CORPORATIONS—WATER AND SEWER RATES—NECESSITY OF REFERENDUM.
   A referendum need not be held by a municipal corporation on whether new rates for water and sewer services, approved by ordinance, should be retained, because such a referendum is required only where a timely petition has been filed before an *original* bond issue is issued.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 November 3, 1971, at Detroit. (Docket No. 11214.) Decided December 7, 1971. Leave to appeal denied, 387 Mich 785.

Complaint by Lawrence Yurek and other property owners within the City of Sterling Heights against the City of Sterling Heights, its city council, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions § 569 *et seq.*
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 192.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 125.

its city clerk, for a writ of mandamus to compel a referendum on the question of whether new rates for water and sewer services should be retained. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Schwartz & Juneau,* for plaintiffs.

*Paul J. O'Reilly,* City Attorney, for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J.  This is an appeal of right from the order of the trial court granting defendants' motion for summary judgment.

Plaintiffs, who are citizens of Sterling Heights and users of the municipality's water and sewer services, objected to the city council's adoption of Ordinance 69G, establishing new rates for these services.[1] They sought a referendum on the question of whether the new rates should be retained. The defendant City of Sterling Heights, through its officers, refused to honor this petition.  Thereafter, plaintiffs sought mandamus to compel placing this referendum before the voters.

Able counsel for plaintiffs relies on *McKinley* v. *City of Fraser* (1962), 366 Mich 104, as authority for his contention that the revenue bond act does not preclude a referendum by the citizens of Sterling Heights with regard to the rate schedule for sewer and water services.  Since, he argues, the Supreme Court in *McKinley, supra,* recognized the right of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The amendment marked the seventh time that rates have been increased since commencement of the services.

the electorate, pursuant to local ordinance adopted under authority of the home rule act,[2] to vitiate a rate ordinance for users of a sewage disposal system by means of *initiative,* it would be illogical for this Court to construe the revenue bond act as implicitly limiting the power of *referendum* when the same result (adoption of a rate ordinance) may be achieved via the initiative route as in *McKinley.*

The argument is ingenious, but a careful examination of *McKinley* reveals significant distinctions between that case and the case at bar. There were no bonds proposed or outstanding in *McKinley.* In addition, and more importantly, *McKinley* did not involve an ordinance enacted pursuant to the enabling clause of the revenue bond act.

The Revenue Bond Act of 1933, being MCLA § 141.101, *et seq.* (Stat Ann 1969 Rev § 5.2731, *et seq.*), recognizes the authority of municipal corporations to raise funds for construction, operation, and maintenance of public utilities.[3]

MCLA § 141.102 (Stat Ann 1969 Rev § 5.2732), provides that powers conferred by the revenue bond act *shall* not be affected or limited by any other statute or charter unless otherwise provided in *this* enactment. A companion statute provides that *bonds* authorized by this act shall not be subject to any limitation by other laws or charters of public corporations.[4] In like manner, the home rule act requires that provisions in city charters not conflict with any *general* law of the state. MCLA § 117.36 (Stat Ann 1949 Rev § 5.2116). The revenue bond act has been classified as general legislation. *Bullinger* v. *Gremore* (1955), 343 Mich 516, 544.

---

[2] MCLA § 117.4i (Stat Ann 1971 Cum Supp § 5.2082).

[3] It hardly requires comment that the public water and sewer facilities herein are within the statutory definition of "public improvements". MCLA § 141.103 (Stat Ann 1969 Rev § 5.2733).

[4] MCLA § 141.111 (Stat Ann 1969 Rev § 5.2741).

As a result, we must determine whether a referendum is mandatory from the language of the Revenue Bond Act of 1933 and judicial constructions thereof.

MCLA § 141.106 (Stat Ann 1969 Rev § 5.2736) authorizes the governing body of a public corporation to adopt ordinances relating to the exercise of the powers granted therein and for all other matters deemed necessary or desirable to effectuate the intent of the act. Ordinances thus adopted become effective upon *adoption* and are *not subject* to a referendum vote of the electors with the one exception contained in § 33 of the act.

Section 33, MCLA § 141.133 (Stat Ann 1971 Cum Supp § 5.2763), permits the financing of public improvements by a bond issue not previously submitted to the electorate; but it also provides that if the voters file a timely petition for referendum pursuant to § 33 before issuance, approval of the electorate becomes a condition precedent.

Since nothing other than a referendum concerning the issuance of bonds is mentioned in this section, it cannot be construed as requiring public approval for passage of any ordinance under this act, except the original bond issue.

MCLA § 141.121 (Stat Ann 1969 Rev § 5.2751) requires that rates charged for use of public improvements be adequate to meet both operating expenses and principal and interest on the bonds. This section further obligates the governing body of the public corporation to revise rates periodically in order to produce sufficient revenue for the improvements to meet expenses.[5]

---

[5] The revenue bond act does not proscribe the use of any available revenues to cover the cost of public improvements. MCLA § 141.123 (Stat Ann 1969 Rev § 5.2753).

In *North Muskegon* v. *Construction Co.* (1953), 335· Mich 520, a unanimous Supreme Court construed MCLA § 141.121, *supra,* as placing "the amount of the charge  *  *  *  within the sound discretion of the city officials, especially when considered in relation to the objectives of the program in maintaining the system and paying off the bonds in the manner required by statute".   (p 527.)[6]

Where municipalities engage in authorized activities for public purposes, courts will not interfere with discretionary acts of municipal officers in the absence of malicious intent, arbitrary action, or corrupt conduct.   *North Muskegon, supra,* p 526.[7]

For the reasons set forth hereinbefore, we conclude that the proceedings were without error and that the trial court acted properly in granting defendants a summary judgment.

Affirmed.

All concurred.

---

[6] Also, see *Cohn* v. *Oakland* (1958), 354 Mich 180, 185.

[7] Neither the reasonableness of the rates nor an abuse of discretion were raised below.