BEACH v CITY OF SALINE

Docket No. 48847. Submitted October 7, 1980, at Detroit.—Decided November 21, 1980. Leave to appeal applied for.

Hubert Beach brought an action in Washtenaw Circuit Court against the City of Saline and its mayor, city council, and clerk seeking to enjoin the city from closing the purchase of certain real property and seeking a writ of mandamus commanding the city clerk to submit three propositions on issues relating to the purchase and annexation of the property to the electorate. Henry T. Conlin, J., issued an opinion and order in favor of defendants. Plaintiff appeals, alleging that the trial court erred in ruling that the decision of the city to purchase the real property was not subject to referendum and in ruling that his propositions regarding annexation and extension of utility services were untimely as referenda petitions and were improper in form as initiative petitions. *Held:*

1. The rights of initiative and referendum under the home-rule act are limited to legislative matters. The city's decision to purchase real property was essentially administrative. Therefore, the trial court correctly ruled that the city council's action was not subject to a referendum.

2. Plaintiff's petition for referendum regarding annexation of the property was filed more than a year after the city's resolution authorizing the annexation was made. However, the city charter provides that such filings be made within 30 days after official public notice of the action sought to be subjected to the referendum. The trial court correctly ruled that the referendum petition was untimely.

3. Plaintiff's petition regarding the extension of utility ser-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur 2d, Elections § 11.

42 Am Jur 2d, Initiative and Referendum §§ 9, 11.

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 138.

Construction and application of constitutional or statutory provisions expressly excepting certain laws from referendum. 100 ALR2d 586.

[3, 4] 42 Am Jur 2d, Initiative and Referendum §§ 9, 11, 12.

vices was properly held to be untimely as a referendum petition since it referred to no action taken by the city during the 30 days preceding its filing.

4. The city charter provides that initiative petitions shall contain the text of any proposed ordinance. Plaintiff's petitions regarding annexation and extension of utility services did not contain such text and were properly rejected by the city clerk. The trial court did not err in so holding.

Affirmed.

1. STATUTES — INITIATIVE — REFERENDUM — HOME-RULE ACT.

The rights of initiative and referendum under the home-rule act are limited to legislative measures (MCL 117.4i[6]; MSA 5.2082[6]).

2. MUNICIPAL CORPORATIONS — NON-LEGISLATIVE ACTS — INITIATIVE — REFERENDUM.

Actions of a legislative body which are administrative or executive in nature are generally not subject to initiative and referendum; resolutions and ordinances of municipal bodies, if not in fact legislative, are not subject to referendum.

3. MUNICIPAL CORPORATIONS — ADMINISTRATIVE DECISIONS — REFERENDUM.

A decision by a city to purchase real property is essentially administrative and not subject to referendum.

4. MUNICIPAL CORPORATIONS — ADMINISTRATIVE DECISIONS — REFERENDUM — VALIDITY.

A municipal council resolution pertaining to matters affecting a municipality which are administrative in nature is not a proper subject for referendum, and a ruling by a court that a petition for referendum regarding such matters is invalid and that a municipality need not submit propositions contained in the petition to the electorate does not constitute reversible error.

*Harris, Lax, Gregg & Guenzel,* for plaintiff.

*Allan W. Grossman,* Saline City Attorney, for defendants.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

N. J. KAUFMAN, J. Plaintiff, Hubert Beach, ap-

peals as of right from an order issued by Washtenaw County Circuit Court holding that three petitions for referenda submitted by plaintiff were invalid and that defendant City of Saline, therefore, had no duty to submit the propositions contained therein to the electorate.

The relevant facts, which were stipulated by the parties, are as follows. On October 11, 1976, the Saline City Council adopted a resolution authorizing the city attorney to prepare and file with the State Boundary Commission the papers necessary for the annexation to the city of approximately 160 acres of property owned by Robert F. Tefft. To date, no action has been taken by the State Boundary Commission on Saline's annexation petition.

On November 23, 1977, the city obtained an option to purchase the Tefft property. Two months later, the city council adopted a resolution exercising the option, conditioned upon an agreement by Tefft to extend the option's term in the event referendum proceedings were commenced pursuant to § 7.9 of the Saline City Charter.

On February 22, 1978, plaintiff filed with the city clerk three petitions for referenda on issues relating to the Tefft property purchase and annexation. The proposed referenda will, for the purposes of this opinion, be referred to as Propositions A, B, and C. The texts of the three propositions are as follows:

*Proposition A.* "Shall the City of Saline purchase that certain parcel of land as authorized by a resolution of the City Council of Saline adopted on January 23, 1978, consisting of 160 acres, more or less, located in Section 30 in Pittsfield Township, fronting on Textile Road as described in said resolution?"

*Proposition B.* "Shall the City of Saline annex Section

30 of Pittsfield Township, Washtenaw County, State of Michigan?"

*Proposition C.* "Shall the City of Saline abide by and continue its long established policy to provide sewer and/or water services only to property within the city limits, except those properties outside the city limits presently receiving service?"

The Saline city attorney advised the city clerk by letter that all three petitions were invalid. The Washtenaw Circuit Court, in its opinion and order, related that in the opinion of the city attorney:

"(a) Proposition 'A' was invalid because the resolution conditionally exercising the option to purchase the Tefft property as an 'administrative' action and thus, under *West v Portage,* 392 Mich 458; 221 NW2d 303 (1974), not subject to the power of referendum.

"(b) Proposition 'B' was untimely under section 7.9 of the Saline City Charter because it had not been filed within 30 days of the October 11, 1976 resolution which authorized the filing of the City's annexation petition with the State Boundary Commission.

"(c) Proposition 'C' was invalid because it made no reference to any action taken by the City."

On May 1, 1978, the city council adopted a resolution unconditionally exercising its option to purchase the Tefft property. On the same date, plaintiff filed suit against the city, seeking to enjoin it from closing its purchase of said property and seeking a writ of mandamus commanding the city clerk to submit all three propositions to the electorate. On May 12, 1978, the sale of the property to the city was closed. Three days later, the city council adopted a resolution to annex the Tefft property pursuant to MCL 117.9(8); MSA 5.2088(8).

The action filed by plaintiff was consolidated for trial with a suit filed by the Township of Pittsfield

in regard to the same resolution. On November 26, 1979, after hearing oral arguments, the Washtenaw County Circuit Court issued an opinion and order in favor of defendant city, from which plaintiff now appeals. The Pittsfield Township complaint was dismissed with prejudice, and that decision is the subject of a separate appeal.

On appeal, plaintiff raises four issues which we shall address *seriatim*. Plaintiff first contends that a resolution of a home rule city authorizing the purchase of real estate is the proper subject of a referendum under the home-rule act and city charter provisions. Our analysis of this issue must begin with the home-rule act, MCL 117.4i(6); MSA 5.2082(6), which sets forth permissible charter provisions for home rule cities such as Saline. The act states: "Each city may in its charter provide: * * * For the initiative and referendum on all matters within the scope of its powers * * *." Section 7.9 of the Saline city charter provides, in pertinent part:

"Initiative and referendum procedures shall be available, to the full extent permitted by law, including but not limited to section 4(i) of 1909 Public Act 279, as amended, to all matters within the scope of the powers of the city exercised by the city council or by any board, commission department or agency thereof, except as hereinafter provided. * * * Services essential to the peace and safety of the city, emergency services, receipt and expenditure of regular budgeted items, and purchases of less than $5,000.00 shall be excepted from the initiative and referendum procedures herein established."

By its express terms, it would appear at first glance that the Saline charter permits a referendum on the resolutions in question. Because the cost of the land is well over $5,000, application of

the rule of *expressio unius est exclusio alterius* suggests that such purchase is properly subject to referendum. See *Van Sweden v Van Sweden,* 250 Mich 238, 241; 230 NW 191 (1930). This conclusion, however, would fail to take into account the historical meaning of the word "referendum". *West v City of Portage,* 392 Mich 458, 462-464; 221 NW2d 303 (1974). Because "referendum", by definition, only has application to legislative action, a referendum on the city's purchase of the Tefft property was not available.

" 'Actions of a legislative body which are administrative or executive in nature are generally not subject to initiative and referendum * * *. Resolutions and ordinances of municipal bodies, if not in fact legislative, are not subject to referendum.' 42 Am Jur 2d, Initiative and Referendum, § 11, p 659."

See also *Rollingwood Homeowners Corp, Inc v City of Flint,* 386 Mich 258, 268; 191 NW2d 325 (1971), in which the Court stated: "There is nothing inherently legislative about a decision to acquire real estate".

It is plaintiff's contention that, since a majority of justices did not support the LEVIN opinion in *West, supra, McKinley v City of Fraser,* 366 Mich 104; 114 NW2d 341 (1962), which broadly interpreted a similar referendum provision, requires that a referendum on the purchase of land be permitted. While technically only three justices supported the majority opinion in *West* (Justice, now Chief Justice, COLEMAN concurring only in the result), it appears to this Court that the majority opinion is an accurate interpretation of the law in this area. The broad sweep of *McKinley, supra,* was certainly limited by *West.*

"The unlimited sweep of *McKinley* would authorize an initiative or referendum on the most mundane executive matter: whether a particular secretary or clerk is to be hired or terminated, whether the garbage is to be collected on Monday or Tuesday, and whether male municipal employees may wear shortsleeved shirts in summer time and female employees wear pantsuits at any time.

"We recently had occasion to observe that 'for practical reasons, the people's power or right of referendum has usually been subjected to certain constitutional restrictions.' For reasons historical and practical and in implementation of the apparent intent of the Legislature, the rights of intiative and referendum under the home-rule act are limitd to legislative measures." *West, supra,* 466. (Footnotes omitted.)

While the City of Saline's decision to purchase property was certainly not "mundane", it was, nevertheless, essentially administrative. See *Rollingwood Homeowners Corp, Inc, supra.* Therefore, the trial court correctly ruled that such action was not subject to a referendum.

Plaintiff next alleges that the trial court committed reversible error in ruling that plaintiff's proposition regarding annexation was untimely as a referendum petition. Plaintiff's petition was filed more than a year after the city's resolution authorizing annexation was made. It is plaintiff's argument in this regard that the 30-day time limit in § 7.9 of the Saline City Charter is not a limit on the filing of petitions for referendum but only a prerequisite to the suspension of the municipal action toward which the referendum is directed.

Section 7.9 of the charter of the City of Saline states in pertinent part:

"Initiative and referendum procedures shall be available to the full extent permitted by law, including but

not limited to section 4(i) of the 1909 Public Act 279, as amended, to all matters within the scope of the powers of the city exercised by the city council or by any board, commission, department or agency thereof, except as hereinafter provided. The effect of any such action shall be suspended pending referendum if, within thirty (30) days after official public notice thereof, a petition shall be filed with the city clerk, signed by not less than ten per cent (10%) of the registered electors of the city, protesting said action and requesting referendum thereon."

Section 7.5 of the same charter states:

"If within thirty days after the passage of any ordinance by the council a petition shall be filed with the city clerk protesting against the ordinance, or any part of it, the protested ordinance or part shall be suspended from going into operation, and where an ordinance has already gone into effect as an emergency measure, its further operation shall be suspended. At the next meeting of the council after certification by the clerk of the sufficiency of a petition, the council shall vote upon whether the protested ordinance or part shall be repealed. If not repealed by the council, it shall be submitted to the electors at the next regular city or state election or primary, or at a special election which may be called for this purpose at the discretion of the council; and unless approved by a majority of the electors voting thereon, it shall stand repealed."

The plain meaning of both these sections is that a petition seeking referendum must be filed within 30 days after official public notice of the action sought to be subjected to referendum. The language of the provisions simply will not bear the reading put forth by plaintiff. Indeed, § 7.9 does authorize suspension of the action sought to be reviewed by referendum. However, the 30-day time limit clearly does not relate *only* to the possibility

of suspension. Plaintiff's arguments to the contrary must be rejected.

Plaintiff's third allegation is that the trial court committed reversible error in ruling that plaintiff's proposition regarding the extension of utility services was untimely as a referendum petition. We agree with the trial court's decision that plaintiff's Proposition C, *supra,* was invalid. There was no action which could have been reviewed by this referendum. Because Proposition C refers to no action taken by the city within 30 days prior to February 22, 1978, the date on which the petition was filed, it was properly rejected by the trial court as being untimely.

As his final issue on appeal, plaintiff contends that the trial court erred in ruling that plaintiff's propositions regarding annexation and the extension of utility services were improper in form as initiative petitions.

Plaintiff contends that, in rejecting his petitions as initiatives, the trial court not only eviscerated § 7.9 of the city charter but unduly limited § 7.6 as well. Plaintiff acknowledges that § 7.6 mandates that, if an ordinance is proposed, its full text must be included in the petition. However, plaintiff argues that, since the initiative process is not limited to ordinances, propositions B and C should have been viewed as opportunities to initiate discontinuance of annexation proceedings and continuance of the city's utility policy. We find plaintiff's argument in this regard interesting, but unpersuasive.

Section 7.6 of the Saline City Charter states in pertinent part:

"Initiative petitions shall contain the purported ordinance in full and initiative and referendum petitions

alike shall name five persons as a committee to represent the signers."

Because plaintiff's propositions B and C do not contain the text of any proposed ordinance, they were correctly rejected by the trial court.

We do believe that the right of the people to be heard should be jealously guarded. We do not, however, believe that our decision in this case is an abridgement of this right. As we have noted, the suit brought by the Township of Pittsfield is presently the subject of a separate appeal in this Court. Furthermore, no action has as yet been taken by the State Boundary Commission on the City of Saline's annexation petition. Since the Boundary Commission is subject to this state's Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.,* the people have the opportunity to make their voices heard when the Commission convenes to discuss the resolution at issue.[1]

It is, therefore, our opinion that the resolution in question, being administrative in nature, was not a proper subject for referendum and that the trial court committed no reversible error in its rulings regarding plaintiff's petitions. The opinion and order of the trial court are, therefore, affirmed. No costs, a public question being involved.

[1] MCL 15.263(5); MSA 4.1800(13)(5) provides:

"A person shall be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only."