MICHIGAN MUTUAL LIABILITY COMPANY v. MESNER.

1. INSURANCE—CONSTRUCTION OF POLICY.
    The construction of insurance contracts should be in accordance with the standard of the understanding of the ordinary person.

2. SAME—CONSTRUCTION OF POLICY—UNINSURED MOTORISTS.
    Clause of automobile insurance policy insuring against injury by uninsured motorists is construed as imposing liability on the insurer to amount of insured's loss less sum received from workmen's compensation carrier with a maximum of $10,000 rather than $10,000 maximum less amount of recovery of workmen's compensation.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 December 8, 1965, at Detroit. (Docket No. 812.)    Decided February 22, 1966.

Complaint by Michigan Mutual Liability Company against Patrick Mesner to construe and declare

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance § 245.
[2] 7 Am Jur 2d, Automobile Insurance §§ 2, 135.

rights in a policy of automobile insurance.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Johnson & Campbell* (*Reginald Johnson,* of counsel), for plaintiff.

*Emerson H. Schink,* for defendant.

BURNS, J.  Plaintiff-appellant filed a motion for a declaratory judgment to determine its liability under an uninsured motorists section of an insurance policy.

Defendant-appellee carried a policy of automobile insurance with the appellant which contained a provision protecting the appellee from an uninsured motorist.  He was injured in an accident with an uninsured motorist, has received $4,791 from a workmen's compensation carrier as a result of the same accident, and the matter is pending in an arbitration hearing under the policy.

The appellant contends the amount payable to appellee, if liability is found, would be the policy limit of $10,000, less $4,791.  The appellee contends the amount payable, if liability is found, is the value of his injuries, less $4,791, and in no event to exceed $10,000.

The pertinent parts of the policy provide:

"PART IV—PROTECTION AGAINST UNINSURED MOTORISTS

"Coverage H—Uninsured Motorists (Damages for Bodily Injury)

"*To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile* because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the in-

sured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.   *   *   *

"Limits of Liability

"(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

"(b) If claim is made under this part and claim is also made against any person insured under part 1 because of bodily injury sustained in an accident by a person who is an insured under this part:

"(1) any payment made under this part to or for any such person shall be applied in reduction of any amount which he may be entitled to recover from any person insured under coverage A; and

"(2) any payment made under coverage A to or for any such person shall be applied in reduction of any amount which he may be entitled to recover under this part.

"(c) Any loss payable under the terms of this part to or for any person *shall be reduced by the amount paid and the present value of all amounts payable to him under any workmen's compensation law,* exclusive of non-occupational disability benefits." (Emphasis supplied.)

The trial court held that the appellant was liable for the amount of the entire injury, less the $4,791 paid by the workmen's compensation carrier, but limited to $10,000.

The only authority cited to this Court is a case from the California court of appeals, *Jarrett* v. *Allstate Insurance Company* (1962), 209 Cal App 2d 804 (26 Cal Rptr 231). The California court affirmed the lower court, which interpreted an insurance policy with almost the identical language as in the present case, and held that the loss referred to in clause C, obviously referred to the liability fixed by clause A, and therefore that the payments made by the workmen's compensation carrier should be deducted from the limitation on the policy of $10,000.

However, we cannot agree with the interpretation placed on this contract by the California court, and we are not bound by their interpretation. In construing insurance contracts, the standard to be used is the understanding of the ordinary person. As Justice EDWARDS stated in *Wadsworth* v. *New York Life Insurance Co.* (1957), 349 Mich 240, on page 257, quoting from Judge Learned Hand:[*]

" 'An underwriter might so understand the phrase, when read in its context, but the application was not to be submitted to underwriters; it was to go to persons utterly unacquainted with the niceties of life insurance, who would read it colloquially.' "

When the structure of the policy and the arrangement of the clauses involved are viewed, it should be noted the protection against uninsured motorists is a separate part of the policy, part 4. The first heading under the part is coverage H, whereby the company promises "To pay *all sums*." (Emphasis supplied.) Under coverage H is listed definitions,

[*] *Gaunt* v. *John Hancock Mutual Life Insurance Co.* (CA 2), 160 F2d 599, 601.

exclusions, limits of liability, other insurance, arbitration, and trust agreements. We are involved in the section headed "Limits of Liability" which is broken down to (a), (b), and (c), and (b) is broken down further to (1) and (2).

Subsection (a) limits the liability for uninsured motorists coverage as stated on the front of the policy to $10,000. Subsection (c), which stands on equal footing with (a), and is not subordinate, as in the case of (1) and (2) under subsection (b), reduces any loss payable by the amount of the workmen's compensation paid or payable.

Therefore, it is our opinion that (c) modifies H and does not modify (a), and would so be interpreted by any ordinary person; that the liability of the company is to be computed on the value of the insured's loss, less the $4,791 received from the workmen's compensation carrier, and in no event to exceed $10,000.

Judgment of the lower court is affirmed. Costs to appellee.

WATTS, P. J., and J. H. GILLIS, J., concurred.