DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v VAN SLYKE

1. AUTOMOBILES—INSURANCE—EXCLUSIONARY CLAUSES—NAMED INSURED—WORDS AND PHRASES—SPOUSE.

A clause in an automobile liability insurance contract which provided an exclusion of liability coverage to the "named insured" is not invalid for vagueness in the meaning of the term "named insured" as including the spouse of the policyholder where the clause by its terms clearly denies coverage to a named insured and defines that term to include the person or persons named in the declaration certificate and, if an individual, the individual's spouse, if a resident of the same household.

2. AUTOMOBILES—INSURANCE—EXCLUSIONARY CLAUSES—LIABILITY INSURANCE—NAMED INSURED—STATUTES.

A clause in an automobile liability insurance policy which excludes liability coverage to the insured for injuries incurred by any named insured is not authorized by the statute which provides that no automobile liability policy shall be delivered or issued for delivery in this state unless it provides liability coverage of specified minima; this statute prohibits and renders void and unenforceable an exclusionary clause not provided for therein; therefore, such an exclusion is void as contrary to public policy (MCLA 500.3009; MSA 24.13009).

Appeal from Kent, George R. Cook, J. Submitted June 15, 1977, at Grand Rapids. (Docket No. 30194.) Decided April 3, 1978. Leave to appeal applied for.

Complaint by the Detroit Automobile Inter-Insurance Exchange against Otis Van Slyke and Vera Van Slyke for a declaratory judgment that

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 128, 129.

Validity, construction, and application of provision of automobile liability policy excluding from coverage injury or death of insured. 46 ALR3d 1061.

liability coverage, in an automobile insurance policy issued by plaintiff to Mr. Van Slyke, did not extend to injuries sustained by the wife of the policyholder. Judgment for plaintiff. Defendant Vera Van Slyke appeals. Reversed.

*Allaben, Massie, VanderWeyden & Timmer,* for plaintiff.

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock* (by *Barbara Timmer*), for defendant.

Before: M. J. Kelly, P. J., and M. F. Cavanagh and J. R. Rood,* JJ.

M. F. Cavanagh, J. On September 13, 1973, defendant Otis Van Slyke was driving his automobile when it collided with another vehicle. Defendant-appellant, Vera Van Slyke, was a front seat passenger in the vehicle driven by Mr. Van Slyke. Mr. and Mrs. Van Slyke were husband and wife and living in the same household at the time of the accident.

Defendant-appellant Vera Van Slyke instituted suit in Muskegon County Circuit Court, alleging that the defendant, Mr. Van Slyke, was guilty of negligence for having proceeded into the intersection against a red traffic signal and otherwise having failed to make proper observations and drive with due care and caution. Mrs. Van Slyke alleged that she had sustained severe and permanent injuries as a result of Mr. Van Slyke's negligence.

Mr. Van Slyke sought the defense of the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaintiff-appellee, Detroit Automobile Inter-Insurance Exchange (hereinafter DAIIE). However, DAIIE refused to defend Mr. Van Slyke, maintaining that an exclusion in the policy issued to Mr. Van Slyke precluded coverage of Mr. Van Slyke for injuries incurred by his wife, Vera Van Slyke. DAIIE thereafter commenced a declaratory action in Kent County Circuit Court, seeking a determination of the parties' respective rights. The case was submitted to the circuit judge upon briefs, and the trial judge issued a declaratory judgment in which he held that under the terms of the insurance policy issued by the DAIIE to Mr. Van Slyke, the latter was not provided liability coverage for injuries sustained by his wife. The court further ruled that an exclusionary clause in the automobile liability insurance policy was valid and enforceable, citing *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513; 194 NW2d 193 (1971), as controlling. It is this determination which the defendant-appellant, Vera Van Slyke, appeals to this Court as of right. The original negligence action which was instituted in Muskegon County Circuit Court is being held in abeyance until this Court makes its determination on the propriety of the Kent County Circuit Court declaratory judgment.

The liability provisions of the policy issued to defendant, Otis Van Slyke, provided that the insured would be covered for bodily injury and property damage claims arising out of the insured's operation, ownership or maintenance of a motor vehicle.

In the same section of the insurance policy is found a list of exclusions which limited Mr. Van Slyke's liability protection under the policy. One of them provides that:

"This policy does not apply under Section I: (a) to bodily injury to *any named insured.*" (Emphasis supplied.)

Appellee contends, and the trial court found, that Mrs. Van Slyke was included under the definition of "named insured" employed in the policy, and that Mr. Van Slyke was therefore without liability protection as against bodily injury sustained by Mrs. Van Slyke. Appellant contends that the definition of "named insured" as used in the policy was ambiguous, and that the term should be construed so as not to include her within its definition. Assuming that the exclusion does in fact apply to her, she maintains that the exclusion is invalid and unenforceable because violative of public policy. Failing this, she finally maintains that if she was not covered under the liability provision of the insurance policy issued by DAIIE, then she would be entitled to recover from the uninsured motorists accident claims fund.

We will first address appellant's claim that the term "named insured" as contained in the exclusion clause of the policy is ambiguous, requiring us to invalidate the exclusion.

The definition of "named insured" is contained in § I of the policy form:

" 'Named insured' means the person or persons named in Item I of the Declaration Certificate, and *if an individual, includes the spouse, if a resident of the same household.*"

Clearly, the definition of "named insured" contemplated both the person named in the Declaration Certificate and the spouse of that person. We find no ambiguity with respect to the definition of "named insured" within the policy. The exclusion

clause by its terms clearly denies Mr. Van Slyke coverage for injuries sustained by his wife, Mrs. Van Slyke. She was a "named insured" under the definition contained in the policy. The trial court did not err in this regard.

We turn now to appellant's contention that an exclusionary clause which denies coverage to an insured for claims brought against him by a third person, defined by the policy as a "named insured", violates public policy and is therefore void.

On September 2nd, 1973, when the policy involved in the case at bar was issued, persons who owned or operated motor vehicles on Michigan highways were required to have an insurance policy in effect with liability coverage as specified in MCLA 500.3009; MSA 24.13009.[1] That statute provides that no automobile liability policy shall be delivered or issued for delivery in this state unless it provides liability coverage of specified minima. The statute provides for only one exclusion, clearly inapplicable here.[2] The exclusion contained in the policy before this Court is not authorized by the statute.

In *Citizens Mutual Insurance Co v Central Na-*

---

[1] MCLA 257.1104; MSA 9.2804, MCLA 257.1102; MSA 9.2802.

[2] MCLA 500.3009(2); MSA 24.13009(2):

"When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance referred to in subsection (3) of section 4 of Act No. 198 of the Public Acts of 1965, as amended, being section 257.1104 of the Compiled Laws of 1948: Warning—when a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable."

As the statute clearly states, this exclusion, where applicable, eliminates all liability coverage, as opposed to the denial of recovery by a single person, a named insured, for which appellee here contends. In the instant case there is neither ground nor effort to support an argument that the exclusion was made a part of the policy.

*tional Insurance Co of Omaha,* 65 Mich App 349; 237 NW2d 322 (1975), the Court construed the statute to prohibit and render void and unenforceable an exclusionary clause not provided for therein. We find the reasoning of *Citizens Mutual* persuasive and controlling in the instant case.[3]

Appellee, and the lower court, would base a contrary result on *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513; 194 NW2d 193 (1971). In *Weisberg* a split panel held that a liability policy which denied coverage for injuries to the vehicle's owner did not violate public policy.

The *Weisberg* majority reached this result by defining the legislative purpose behind § 3009's predecessor[4] as "the protection of the rights and claims of third parties when the vehicle owner becomes liable to those third parties". 36 Mich App at 518; 194 NW2d at 195. Since the vehicle owner in *Weisberg* was the injured party, there could be no liability running from him to the injured party, and hence denying him recovery did not contravene the legislative purpose.

The error in this reasoning, as was pointed out in a thorough and persuasive dissent by Justice (then Judge) Levin, is that the automobile liability insurance laws in effect at that time required (even as they do now) that not only the owner but

---

[3] *Cf. Gurwin v Alcodray,* 77 Mich App 97; 257 NW2d 665 (1977). In *Gurwin* the insurance policy contained a clause excluding liability to members of the insured's household. The insured sued for a declaratory judgment that this clause was void as applied to deny coverage for liability to the insured's children. The lower court found the clause invalid and this Court affirmed, reasoning that the exclusion was unauthorized by statute and therefore invalid.

[4] MCLA 257.520; MSA 9.2220, as incorporated by reference in former MCLA 257.1102(d); MSA 9.2802(d), amended by 1971 PA 211, § 1, Eff Dec 29, 1971. *See Citizens Mutual Insurance Co v Central National Insurance Co of Omaha,* 65 Mich App 349; 237 NW2d 322 (1975).

also the *operator* of the vehicle be covered by liability insurance. Surely this indicates a legislative policy to assure all those injured by another's negligent operation of a motor vehicle a source of recovery. Because this class could, as it did in *Weisberg,* include the owner himself, there was in fact a conflict between the presumed legislative policy and the exclusionary clause upheld in *Weisberg.*

However, even if it were assumed that the *Weisberg* majority correctly concluded that public policy authorizes an exclusion which denies the owner recovery, that holding would not control here. Plaintiff-appellee alleged in its complaint, and defendant admitted, that the insurance policy issued in the instant case provided coverage for a vehicle owned and operated at the time of the accident by Otis Van Slyke. Even if *Weisberg's* holding were correct, it would not justify denying coverage to Mr. Van Slyke's passenger and non-owner spouse, to whom he may be liable.

In view of our determination that the exclusion here is void as contrary to public policy, appellant's alternate claim to relief from the accident claims fund is moot.

Reversed, costs to appellant.

M. J. KELLY, P. J., concurs in the result only.