GARRISON v FARM BUREAU MUTUAL INSURANCE COMPANY

Docket No. 77-4359. Submitted May 8, 1978, at Lansing.—Decided July 18, 1978.

Edna Garrison was involved in a collision while driving an automobile owned by her husband Frank Garrison, and, as a result, two suits for damages were filed against her. Edna also owned an automobile, which was insured by Farm Bureau Mutual Insurance Company. The Garrisons brought an action for a declaratory judgment that the Farm Bureau policy extended liability coverage to Edna under a "non-owned" automobile provision. The Tuscola Circuit Court, Martin E. Clements, J., entered a declaratory judgment in favor of Farm Bureau, finding that it has no obligation to the Garrisons under the terms of the policy. Plaintiffs appeal. *Held:*

In this case the husband was a "named insured" as defined in the wife's policy because of his status as a resident spouse of the person named in the declaration. Because the policy excludes liability coverage for any automobile owned by the "named insured" other than the automobile described in the declaration, there is no coverage available in this case. The statute which requires liability coverage when an insured is operating a non-owned automobile does not require that liability coverage be extended to Mrs. Garrison.

Affirmed.

1. INSURANCE—CONTRACTS—AMBIGUITY—INTERPRETATION.

Generally, any ambiguity in an insurance contract will be resolved in favor of the insured; however, provisions which are not ambiguous must be interpreted as written.

2. AUTOMOBILES—INSURANCE—STATUTES—NAMED INSURED—OTHER AUTOMOBILES.

A statute regarding the provision of liability insurance for a

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 257.
[2] 7 Am Jur 2d, Automobile Insurance § 103.
Construction and application of automobile insurance clause or substitution provision of automobile liability or indemnity policy. 34 ALR2d 936.

driver who is operating an automobile not owned by him does not require an insurer to provide liability coverage to a named insured who is operating an automobile owned by her husband, who because of a policy provision is also a "named insured", and where the policy excludes coverage for automobiles owned by a named insured other than the automobile described in the policy (MCL 257.520[c]; MSA 9.2220[c]).

*Conlin, Conlin & McKenney,* for plaintiffs.

*Mainolfi, McGraw & Borchard,* for defendant.

Before: BEASLEY, P. J., and ALLEN and H. E. DEMING,* JJ.

DEMING, J. On September 28, 1973, plaintiff, Edna Garrison, while driving her husband's car, was involved in an automobile accident. As a result, two suits for damages have been filed against her. Plaintiffs sought a declaratory judgment to the effect that she was covered under the extended liability provisions of her insurance policy issued by defendant which provided liability coverage whenever she operated a "non-owned" automobile. The trial court entered an order of declaratory relief for the defendant holding that under the terms of the policy defendant was not liable to provide coverage. Plaintiffs appeal as of right.

Before the plaintiffs' marriage on June 30, 1973, both plaintiffs owned their own automobiles. These automobiles were insured with different insurance companies. Both of the policies purchased before the marriage were still in effect at the time of the accident.

The relevant portions of the insurance policy provide:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Part I - Liability

"Coverage A—Bodily Injury Liability; Coverage B— Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, * * * .

"B. * * * 'property damage'; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile.

* * *

"Definitions: Under Part I:

" 'named insured' means the individual named in the declarations and also includes his spouse, if a resident of the same household.

* * *

" 'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;"

Although the structure of the policy provisions is rather complex, the policy in substance states that the insurer will "pay * * * all sums which the insured shall become legally obligated to pay as damages * * * arising out of the * * * use of the owned automobile or * * * [any automobile or trailer, not owned by] * * * [the individual named in the declarations and * * * his spouse, if a resident of the same household]". Although it is a general rule that any ambiguity in an insurance contract will be resolved in favor of the insured, *Vermont Mutual Ins Co v Dalzell,* 52 Mich App 686, 691; 218 NW2d 52 (1974), these provisions are not ambiguous and must be interpreted as written, *Western Fire Ins Co v J R Snyder, Inc,* 76 Mich App 242; 256 NW2d 451 (1977).

Plaintiffs also argue that if the policy provisions are interpreted so that coverage is not provided in this situation, then they are void as being against

the public policy of the State of Michigan as set out in the financial responsibility act, MCL 257.501 *et seq.;* MSA 9.2201 *et seq.,* MCL 257.520(c); MSA 9.2220(c) reads in part:

"Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him."

Plaintiffs claim that since Edna is a named insured under the policy and since she did not have legal ownership of the vehicle involved in the accident, the statute requires that liability coverage be provided. However, we do not read the statute to require coverage in this situation. Under the insurance policy provisions, the husband was a "named insured". His status, via contract, as a "named insured", by virtue of the fact that he is the spouse of the "individual named in the declaration" has been recognized by this Court, see *Hickman v Community Service Ins Co,* 78 Mich App 1, 5–6; 259 NW2d 367 (1977). Since the husband is a "named insured" under the policy, the statute does not require that liability coverage be provided for any automobile owned by him except for the owned automobile described in the policy. Since Edna was operating an automobile owned by the named insured which was not the owned automobile described in the policy, MCL 257.520(c); MSA 9.2220(c) does not require that the insurance policy provide liability coverage for this accident.

Although not controlling, it should be noted that this same result was reached by the Florida Supreme Court in *Boyd v United States Fidelity & Guaranty Co,* 256 So 2d 1 (Fla, 1971). The facts in that case are virtually identical except for the fact

that in *Boyd, supra,* the insureds had each renewed their separate pre-marital insurance policies after they were married and before the accident occurred. The reasoning used and the conclusions reached by the Court in *Boyd, supra,* are persuasive. Not only does the wording of the statute and the policy provisions support this result, but also the policy behind the statute. Extended coverage or "drive other cars" provisions have been available for a long time. The rationale behind these provisions was succinctly stated in Couch on Insurance;

"The purpose of the 'drive other cars' provision in an automobile liability policy is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurer without a corresponding increase in the premium. The policy is not intended to cover the insured against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to use. More specifically, the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured." 13 Couch on Insurance 2d, § 45:1052, p 68.

Since the availability of extended coverage and the rationale behind it were known to the Legislature when the financial responsibility act was enacted, it seems reasonable to conclude that the Legislature recognized this rationale and drafted the "owned (but not designated) vehicle" exclusion to further the policies reflected in the rationale. In conclusion, MCL 257.520(c); MSA 9.2220(c) does not require that the defendant provide liability

coverage for plaintiff when driving her husband's automobile since that automobile is owned by a "named insured" under the policy and is not the owned vehicle described in the policy.

Plaintiffs also argue that the denial of plaintiff Edna's right to use the benefits of her policy causes a violation of the public policy in favor of marriage. Since the husband's insurance company would have included plaintiff Edna's automobile on the husband's policy, or vice versa, upon notification of the marriage and upon the payment of any required premium, we believe this argument to be without merit.

Affirmed. Costs to defendant.