STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
RUUSKA

Docket No. 78-820. Submitted December 7, 1978, at Lansing.—Decided
June 19, 1979. Leave to appeal applied for.

Gloria Carlson, while driving her father Arvid Carlson's car,
collided with a motorcycle driven by Dale Ruuska. Gloria
Carlson resided in her father's home, and each of them owned
an automobile insured by State Farm Mutual Automobile
Insurance Company. Ruuska sued Gloria, and State Farm does
not dispute insurance coverage under Arvid Carlson's policy as
Gloria was driving his car with his permission. However, State
Farm brought an action for a declaratory judgment to deter-
mine whether or not it would be liable for any amounts under
Gloria's policy should the judgment for Ruuska exceed the
limits of Arvid's policy. Named as defendants in the declara-
tory judgment action were Ruuska, both Carlsons, and Kenneth
Kemp, a defendant in the Ruuska suit. The Marquette Circuit
Court, Edward A. Quinnell, J., held that a provision in Gloria
Carlson's policy which excludes liability coverage where she is
driving a car not owned by her but owned by a member of her
household is void under the pertinent provisions of the no-fault
act. State Farm appeals. *Held:*

The no-fault insurance statute has not impliedly repealed the
financial responsibility laws, which determine the extent of
liability coverage required under the no-fault statute. Under
the financial responsibility laws, it is permissible for an insurer
not to provide liability coverage when the insured is driving a
particular automobile or class of automobiles other than the

REFERENCES FOR POINTS IN HEADNOTES
[1, 7, 9] 7 Am Jur 2d, Automobile Insurance §§ 105, 106.
 Exclusion from "drive other cars" provision of automobile liability
  insurance policy of other automobile owned, hired, or regularly
  used by insured or member of his household. 86 ALR2d 937.
[2] 7 Am Jur 2d, Automobile Insurance §§ 4-7, 105, 106.
 Exclusion from "drive other cars" provision of automobile liability
  insurance policy of other automobile owned, hired, or regularly
  used by insured or member of his household. 86 ALR2d 937.
 Automobile liability insurance: operator's policies. 88 ALR2d 995.
[3] 73 Am Jur 2d, Statutes § 200.
[4] 44 Am Jur 2d, Insurance § 1981.
[5] 43 Am Jur 2d, Insurance § 279.
[6] 7 Am Jur 2d, Automobile Insurance § 107.
 What is a "non-owned" automobile within the meaning of the
  coverage clause of an automobile liability policy. 83 ALR2d 926.
[8] 73 Am Jur 2d, Statutes § 274.

automobiles owned by the insured. However, in this case, the exclusion is created by a definition of a "non-owned vehicle" which is contrary to the common, ordinary meaning of the phrase and is not included within the list of exclusions in the policy nor highlighted in any way. Because the exclusion fails to meet the standards required by statute, it will not be enforced.

Affirmed.

D. E. Holbrook, P.J., concurred in the result reached by the majority. However, he would hold that the trial court was correct in declaring the exclusion void on the basis of the provisions of the no-fault act, which requires that in addition to a motor vehicle being insured its owner is likewise insured against residual liability whenever he or she is legally using a motor vehicle. Judge Holbrook also would hold that the provision of the financial responsibility law which authorizes only an exclusion for a named person is exclusive as to permissible exclusions. Therefore, the exclusion involved in the present case is void.

OPINION OF THE COURT

1. Insurance — Automobiles — Liability Insurance — No-Fault — Statutes.

The owner or registrant of a motor vehicle is required to maintain security for payment of residual liability insurance benefits; nothing in the no-fault insurance act requires a person to have residual liability coverage for injuries occurring when that person is driving another's vehicle (MCL 500.3101; MSA 24.13101).

2. Insurance — Automobiles — Liability Insurance — Exclusions — Statutes.

The provision of the financial responsibility act governing the issuance of an owner's liability insurance policy indicates by implication that liability coverage need not be provided for the insured when driving a particular automobile or class of automobiles, therefore, an exclusion to liability coverage when driving a particular vehicle or class of vehicles is valid, and an owner's policy need only provide liability coverage for those cars owned by the insured (MCL 257.520[b]; MSA 9.2220[b]).

3. Statutes — Construction — Surplusage.

No provision of a statute is to be treated as surplusage if at all possible.

4. Insurance — Insurance Policies — Construction.

Insurance policies must be construed in accord with the ordinary

and popular sense of the language used therein, and when drafted by the insurer must also be construed in favor of the insured in order to uphold coverage.

5. Insurance — Insurance Policies — Limitations.

An insurer has a duty to clearly express the limitations in its policy in order that those limitations may be given full effect.

6. Insurance — Automobiles — Liability Insurance — Exclusions.

An exclusion in an automobile liability insurance policy is void where the exclusion is created by a definition of a "non-owned vehicle" which is not in accord with the ordinary, commonly-used meaning of the phrase and which is not highlighted by boldface type or a warning nor included in the list of exclusions provided in the policy.

Concurrence by D. E. Holbrook, P.J.

7. Insurance — Automobiles — Liability Insurance — Statutes.

*An owner of an automobile which is properly insured is likewise insured against residual liability when he or she is legally using a motor vehicle, regardless of the ownership of the vehicle (MCL 500.3131, 500.3135; MSA 24.13131, 24.13135).*

8. Statutes — Construction — Things Specifically Included.

*It is a general rule of statutory construction that the inclusion of a thing by specific mention excludes that which is not mentioned.*

9. Insurance — Automobiles — Liability Insurance — Exclusions — Statutes.

*A section of the Insurance Code which provides for the minimum amounts of liability coverage to be afforded in an automobile insurance policy and sets forth the basis upon which an exclusion may be permissible is exclusive as to permissible exclusions; under that statute an insurance policy provision which excludes residual liability insurance to an insured who is driving a vehicle owned by another is invalid (MCL 500.3009; MSA 24.13009).*

*DeGrand & DeGrand* and *Fraser, Trebilcock, Davis & Foster,* for plaintiff.

*Robins, Davis & Lyons* (by *Stanley E. Karon* and *Terry L. Wade) (McDonald & Smith,* of counsel), for defendant Dale Ruuska.

Before: D. E. Holbrook, P.J., and D. E. Holbrook, Jr., and Cynar, JJ.

Cynar, J. Plaintiff appeals as of right from an entry of summary judgment declaring void an exclusion in a policy issued to Gloria Carlson. Plaintiff contends that it was entitled to summary judgment on the basis of the policy exclusion.

The relevant facts are not in dispute. In June of 1975 Gloria Carlson resided in the household of Arvid Carlson, her father. Each of them owned an automobile and each was insured by plaintiff.

On June 19, 1975, while driving her father's car, Gloria Carlson collided with a motorcycle driven by Dale Ruuska. Ruuska sustained serious injuries and filed suit against Gloria Carlson. Plaintiff does not dispute coverage of Gloria Carlson under her father's policy, as she was driving his car with his consent. However, as it appeared that the judgment for Ruuska might exceed the limits on that policy, plaintiff sought a declaratory judgment to determine its liability for any residual amount under the policy issued to Gloria Carlson.

Gloria Carlson's policy provides that if she owns a motor vehicle covered by the policy, such liability insurance as is afforded by the policy with respect to the owned motor vehicle is also provided when using a *non-owned vehicle,* with the permission of the owner. Under the section labeled "Exclusions," none of the exclusions apply to the present situation. In the definitional section of the policy is the following:

"Non-Owned Automobile—means an *automobile, trailer* or detachable living quarters unit, not (1) owned

by, (2) registered in the name of, or (3) furnished or available for the frequent or regular use of the named insured, his spouse, or any relative of either *residing* in the same household, other than a *temporary substitute automobile.*"

The effect of this definition is to provide an exception to liability coverage when the insured is operating an automobile that is owned by another member of her household or which is available for her frequent use. Plaintiff claims that this type of exclusion is valid and acts to eliminate liability coverage for Floria Carlson under her policy in the circumstances of this case.

In declaring the policy exclusion void, the trial judge relied solely upon provisions of the no-fault insurance act. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* He noted that MCL 500.3101; MSA 24.13101 requires that the owner or registrant of a motor vehicle maintain security for payment of benefits under residual liability insurance. He further noted that residual liability coverage is covered by MCL 500.3131; MSA 24.13131 which reads:

"Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions or in Canada. This insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs. In this state this insurance shall afford coverage for automobile liability retained by section 3135."

He also referred to MCL 500.3135; MSA 24.13135, which sets out those instances where tort liability is retained in Michigan. The trial judge read these sections together and concluded that residual lia-

bility coverage for tort liability was required under the act.

Although somewhat appealing, we cannot concur in the trial court's analysis. MCL 500.3101; MSA 24.13101 requires only that the *owner* or *registrant* of the vehicle maintain security for payment of residual liability insurance benefits. Such benefits are provided for in the policy of Arvid Carlson, the owner of the vehicle involved in the accident. Similarly, Gloria Carlson's policy provides liability coverage when operating her car. There is nothing in the no-fault act which requires one to have residual liability coverage for injuries occurring when one is driving another's vehicle.

According to the second-to-last sentence of MCL 500.3131; MSA 24.13131, the financial responsibility laws of the place where the injury occurs should be referred to in determining the scope of the liability coverage required in the policy. Plaintiff argues that this provision is inapplicable to injuries incurred in this state. However, in *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51, 56; 272 NW2d 555 (1978), the Court looked to the Michigan financial responsibility laws to determine the required scope of liability coverage with respect to an injury incurred in this state. Furthermore, in *Ziehm v State Farm Mutual Automobile Ins Co,* 88 Mich App 576; 278 NW2d 678 (1979), a panel of this Court concluded that a portion of Michigan's financial responsibility act had not been impliedly repealed by the enactment of the no-fault act and that the financial responsibility laws determined the extent of liability coverage required under no-fault. Therefore, plaintiff's argument is without merit.

The financial responsibility laws of Michigan are contained in the financial responsibility act, MCL

257.501 *et seq.;* MSA 9.2201 *et seq.* MCL 257.517;
MSA 9.2217 states that proof of financial responsi-
bility may be given by filing a certificate of insur-
ance, a bond, or a certificate of deposit of money or
securities. MCL 257.518; MSA 9.2218 deals with
the filing of certificates of insurance. It reads:

"(a) Proof of financial responsibility may be furnished
by filing with the secretary of state the written certifi-
cate of any insurance carrier duly authorized to do
business in this state certifying that there is in effect a
motor vehicle liability policy for the benefit of the
person required to furnish proof of financial responsibil-
ity. Such certificate shall give the effective date of such
motor vehicle liability policy, which date shall be the
same as the effective date of the certificate, and *shall
designate by explicit description or by appropriate ref-
erence all motor vehicles covered thereby, unless the
policy is issued to a person who is not the owner of a
motor vehicle.*
"(b) No motor vehicle shall be or continue to be
registered in the name of any person required to file
proof of financial responsibility unless such motor vehi-
cle is so designated in such a certificate." (Emphasis
added.)

The last part of subsection (a) notes that the policy
need not describe the vehicles covered when it is
issued to one who does not own an automobile.
This distinction between one who does not own an
automobile and one who does is also carried over
to MCL 257.519; MSA 9.2219, which deals with a
nonresident's insurance.

MCL 257.520; MSA 9.2220 sets out the scope of
coverage required in a "motor vehicle liability
policy". That section distinguishes between an
"operator's" policy of liability insurance and an
"owner's" policy of liability insurance. However, it
fails to define these terms. We believe the distinc-
tion noted in MCL 257.518; MSA 9.2218 and MCL

257.519; MSA 9.2219 was again carried forward to MCL 257.520; MSA 9.2220. When one does not own a car, the liability policy issued is an "operator's policy"; when one does own a car, an "owner's policy" is issued.

It is undisputed that Gloria Carlson owns a motor vehicle covered by a policy issued by plaintiff. Therefore, the requirements of her liability coverage are governed by the requirements of an "owner's policy". MCL 257.520(b); MSA 9.2220(b) states:

"Such owner's policy of liability insurance:

"(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and

"(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person, $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and $10,000.00 because of injury to or destruction of property of others in any 1 accident;

"(3) When a certificate is filed showing that a policy or policies have been issued covering all motor vehicles owned by the insured but not insuring such person when operating any motor vehicle not owned by him, it shall be unlawful for such person to operate any motor vehicle not owned by him or not covered by such certificate."

We believe that the exclusion created in plain-

tiff's policy is in conformity with the requirements of an owner's liability policy. Subsection (1) of MCL 257.520(b); MSA 9.2220(b) requires that those vehicles covered by the policy be expressly designated. By implication, this provision indicates that liability coverage need not be provided for the insured when she is driving a particular automobile or class of automobiles. This conclusion is further supported by subsection (3) which contemplates a situation involving a certificate of insurance covering only motor vehicles owned by the insured. If such a policy could not be issued, this subsection would have been mere surplusage. However, in interpreting statutes no provision is to be treated as surplusage if at all possible. *Baker v General Motors Corp,* 74 Mich App 237, 246; 254 NW2d 45 (1977), *lv gtd* 402 Mich 828 (1977), *Scott v Budd Co,* 380 Mich 29, 37; 155 NW2d 161 (1968).

Therefore, we hold that an exclusion to liability coverage when driving a particular vehicle or class of vehicles is valid. An owner's policy need only provide liability coverage for those cars owned by the insured. The policy in this case satisfies this requirement and also provides coverage when the insured is driving an automobile not owned by him or by a member of the household and not available for their frequent use. This additional coverage, although not required, is permissible as an insurer may provide liability coverage in excess of that required. See MCL 257.520(g); MSA 9.2220(g).

We further note that an identical clause has been upheld as applied to uninsured motorist insurance in *Garrison v Farm Bureau Mutual Ins Co,* 84 Mich App 734; 270 NW2d 678 (1978), and *Detroit Automobile Inter-Ins Exchange v Reynolds,* 81 Mich App 710; 265 NW2d 799 (1978). As noted in *Garrison, supra,* at 738:

"The purpose of the 'drive other cars' provision in an automobile liability policy is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurer without a corresponding increase in the premium. The policy is not intended to cover the insured against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to use. More specifically, the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured."

This function of the exclusion is equally applicable in the case of liability insurance. Furthermore, such an exclusion would tend to prevent the "stacking" of the policy limit of the owner of a vehicle with that of the driver's policy. We have no difficulty concluding that liability policies may be drafted with such goals in mind.

Having determined that an exclusion to liability coverage when the insured is driving particular vehicles is valid, we now turn to the form of the exclusion in plaintiff's policy.

Defendant Ruuska first contends that the language creating the exclusion is ambiguous. Specifically, he challenges the language defining "non-owned vehicle" and notes that similar language was deemed ambiguous in *Travelers Indemnity Co v Pray,* 204 F2d 821 (CA 6, 1953).

"Non-owned vehicle" is defined in the policy as follows:

"Non-Owned Automobile—means an *automobile, trailer* or detachable living quarters unit, not (1) owned by, (2) registered in the name of, or (3) furnished or

available for the frequent or regular use of the named insured, his spouse, or any relative of either *residing* in the same household, other than a *temporary substitute automobile.*"

Unlike the clause in *Travelers Indemnity, supra,* the definition is drafted so that it is clear that its last three lines apply to all three subsections of the definition. Therefore, we conclude that this definition is not ambiguous.

Defendant's final argument is that the exclusion created by the definition is improperly designated and should not be given effect. He claims that, to be valid, this "exclusion" must have been included in the list of exclusions to liability coverage contained in the policy.

In addressing this issue, we are guided by some general rules. Insurance policies must be construed in accord with the ordinary and popular sense of the language used therein. *Michigan Mutual Liability Co v Mesner,* 2 Mich App 350, 353; 139 NW2d 913 (1966). Insurance policies drafted by the insurer must also be construed in favor of the insured to uphold coverage. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62, 64; 250 NW2d 541 (1976). This same rule applies to exclusion provisions in the policy. *Kalamazoo Aviation, Inc v Royal Globe Ins Co,* 70 Mich App 267, 270; 245 NW2d 754 (1976). To be given full effect, an insurer has a duty to clearly express the limitations in its policy. *Francis v Scheper,* 326 Mich 441, 447-448; 40 NW2d 214 (1949), *Union Investment Co v Fidelity & Deposit Co of Maryland,* 549 F2d 1107, 1110 (CA 6, 1977), and *Ornamental Iron & Stair Co v General Accident & Life Assurance Corp, Ltd,* 68 Mich App 259, 263; 242 NW2d 544 (1976). A technical construction of policy language which would defeat a reasonable

expectation of coverage is not favored. *Crowell v Federal Life & Casualty Co,* 397 Mich 614, 623; 247 NW2d 503 (1976).

The deposition testimony of Gloria Carlson established that she believed her policy provided coverage under these circumstances. Such a conclusion is not surprising, in light of the provision in the policy providing coverage when driving a "non-owned vehicle". To the layperson "non-owned vehicle" would naturally include a vehicle owned by one's father. Thus, by defining the phrase "non-owned vehicle" by reference to its ordinary, commonly-used meaning, liability coverage would be provided under Gloria Carlson's policy. In order to determine that coverage was not provided under the circumstances of this case, it would have been incumbent upon one to read the definition of "non-owned vehicle" provided in another part of the policy in conjunction with the provision providing coverage when operating such "non-owned vehicles".

According to MCL 257.520(b)(1); MSA 9.2220(b)(1), an owner's policy of liability coverage must designate "by explicit description or by appropriate reference" all motor vehicles covered by the policy. We believe that plaintiff's policy fails to meet this standard. The definition used for "non-owned vehicle" is in conflict with its normal usage. Moreover, the exclusion created by the definition is hidden among the provisions of the policy. It is not highlighted in any way by boldface type or by a warning. See MCL 500.3009(2); MSA 24.13009. Nor is it included in the lengthy list of exclusions provided in the policy. Under the doctrine of *expressio unius est exclusio alterious,* the failure to include this exclusion in the list of exclusions implies that no other exclusions to liability coverage exist.

Therefore, under the circumstances of this case, we hold that the exclusion created by the definition is void. Although such an exclusion is theoretically sound, we refuse to enforce it as written in Gloria Carlson's liability policy. Since the common meaning of the phrase "non-owned vehicle" would include the vehicle in question here, we conclude that Gloria Carlson's policy provided liability coverage in the present case.

Affirmed. No costs, interpretation of statutes being involved.

D. E. HOLBROOK, JR., J., concurred.

D. E. HOLBROOK, P.J. *(concurring).* This writer agrees completely with the result called for in the majority opinion, however, is constrained to respectfully disagree with the reasoning upon which that opinion is based. The factual background therein appears to be correctly stated and only other pertinent facts will be added in this concurring opinion.

The trial court based its opinion requiring the plaintiff to cover residual liability under Gloria Carlson's insurance policy on the applicable provisions of the Michigan no-fault insurance act. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

Specifically, MCL 500.3101 requires insurance coverage as follows:

"(1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle.

\* \* \*

"(3) Security may be provided under a policy issued by an insurer duly authorized to transact business in this state which affords insurance for the payment of such benefits. A policy of insurance represented or sold as providing security shall be deemed to provide insurance for the payment of the benefits."

Residual liability, the main concern in this case, is provided for in MCL 500.3131; MSA 24.13131:

"Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions or in Canada. This insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs. In this state this insurance shall afford coverage for automobile liability retained by section 3135."

MCL 500.3135; MSA 24.13135 is relied on to determine the scope of residual liability coverage required by law.

"(1) A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance *or use of a motor vehicle* only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement." (Emphasis added.)

The trial court, relying on these provisions, concluded that any policy purporting to comply with the requisites of no-fault must provide coverage for residual liability arising from the use of another automobile and that the non-owned exclusion in this policy which acted to diminish the coverage was void.

In this connection it is pointed out that in this case there are two automobile insurance policies

issued by plaintiff under the laws of our state. The one insuring Arvid Carlson and his automobile, and the other insuring Gloria Carlson, Arvid Carlson's daughter, and her automobile. Both paid the requisite premiums for their respective policies. Plaintiff admits it is liable under the policy issued to Arvid Carlson for the serious bodily injuries to Dale Ruuska. Gloria Carlson is likewise liable under the residual provision of the statute for the serious injuries to Dale Ruuska because she was the driver (user) of a motor vehicle—the tortfeasor at the time of the accident.

Such is the case because the no-fault statute requires residual liability coverage insurance in MCL 500.3131, specifically as follows: *"In this state this insurance shall afford coverage for automobile liability retained by section 3135"*. (Emphasis added.) Section 3135 set forth hereinabove provides that "A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance *or use of a motor vehicle."* (Emphasis added.)

Reading these sections of the statute together mandates that in addition to the motor vehicle being insured, the owner likewise is insured against residual liability when he or she is *using a motor vehicle legally.* There is no question Gloria Carlson was using her father's motor vehicle legally at the time of the accident.

Therefore this writer finds that the trial court was correct in its ruling and in citing the subject statute as the basis for its decision.

However, this writer also finds there is still another premise upon which this result can legally be reached—in fact mandated by our law.

In 1971 our Legislature in its wisdom amended the Insurance Code of 1956 and added 1971 PA

210, which has been placed in MCL as 500.3009 and MSA 24.13009, which reads as follows:

"(1) An automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall not be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless such liability coverage as is provided therein is subject to a limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any one accident, and, subject to said limit for 1 person, to a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any one accident, and to a limit of not less than $10,000.00 because of injury to or destruction of property of others in any accident.

"(2) When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance referred to in subsection (3) of section 4 of Act No. 198 of the Public Acts of 1965, as amended, being section 257.1104 of the Compiled Laws of 1948: Warning—when a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable."

The plaintiff argues this statute was prompted by our decision in the case of *Allstate Ins Co v Motor State Ins Co,* 33 Mich App 469; 190 NW2d 352 (1971), and our Supreme Court's denial of leave to appeal, 386 Mich 760 (1971), which denied the insurance company therein from excluding liability where a named person was driving the

motor vehicle. Further, plaintiff argues that the Courts' previous rulings limiting other exclusions in motor vehicle liability insurance policies were set aside by the statute and plaintiff was permitted to legally incorporate the present subject exclusion in Gloria Carlson's insurance policy thus relieving it of any liability.

Even assuming that the Legislature was prompted to enact said amendment by reason of our decision in the *Allstate* case, which may or may not be the complete reason, the result claimed thereby by plaintiff cannot and does not follow.

The defendant asserts that the canons of statutory construction and subsequent case law indicated that MCL 500.3009; MSA 24.13009, was to be exclusive as to permissible exclusions. This writer agrees.

It is a general rule of statutory construction that the inclusion of a thing by specific mention excludes that which is not mentioned. *Van Sweden v Van Sweden,* 250 Mich 238, 241; 230 NW 191 (1930). The very grant of specific powers under restrictions is an exclusion of other powers in reference to the same subject matter not granted by the legislation. *Sebewaing Industries, Inc v Sebewaing,* 337 Mich 530, 546; 60 NW2d 444 (1953). *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971).

The great majority of case authority appears to support the exclusive nature of MCL 500.3009; MSA 24.13009. In *Citizens Mutual Ins Co v Central National Ins Co,* 65 Mich App 349, 353; 237 NW2d 322 (1975), this Court found that the basic provision of *Allstate* had not been affected by the subsequent legislative action, in the following language:

"Citizens, to a large extent, relies on *Allstate Ins Co v Motor State Ins Co,* 33 Mich App 469; 190 NW2d 352 (1971), and other decisions of this Court construing the former statute and in effect argues that the 1971 amendment of § 2 (d) did not work a change in the public policy of this state as enunciated in those decisions. We agree with this position."

In that case, this Court voided an attempt to exclude passengers on motorcycles from coverage. Also see, *Gurwin v Alcodray,* 77 Mich App 97; 257 NW2d 665 (1977).

The recent case of *Allstate Ins Co v DeFrain,* 81 Mich App 503, 506-508; 265 NW2d 392 (1978), deals properly with the issue before this Court in the instant case, wherein it is stated:

"MCLA 500.3009(2); MSA 24.13009(2) allows the exclusion of liability coverage when a vehicle is operated by a named person, not where, as here, the exclusionary clause is designed to avoid liability when certain persons involved in the operation of the motor vehicle (such as the wife in the instant case) are injured.

"Plaintiff argues that the Legislature intended to exclude members of an insured's household from residual liability coverage by its enactment of § 3114 of the no-fault act (MCLA 500.3114; MSA 24.13114), providing for personal protection insurance for members of the insured's household. We disagree. The statutory amendment as to coverage, MCLA 257.520(b)(2); MSA 9.2220(b)(2), allows an exclusion only where a named person operates the automobile and such exclusion is authorized by the insured. The statute does not provide for any exclusion such as the one in this case.

"In determining the legislative intent, we must examine the pertinent statutes. MCLA 500.3009(1); MSA 24.13009(1) provides for setting the minimum limits for coverage under a liability policy which insures against loss resulting 'from liability imposed by law for * * * bodily injury or death suffered by any person arising

out of the ownership, maintenance *or use of a motor vehicle'. * * *

"MCLA 500.3131; MSA 24.13131 of no-fault provides that '[r]esidual liability insurance shall cover bodily injury and property damage * * * [and that the] insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs * * *. In this state this insurance shall afford coverage for automobile liability retained by section 3135' of the act. These statutes being *in pari materia* must be construed together and a reasonable construction at preserving the force and effect of each is to be sought. *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943), *Moyer v Wayne County Road Commission,* 52 Mich App 285; 217 NW2d 53 (1974), *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975).

"We conclude that the exclusionary clause here in question is invalid. It is neither authorized by statute, nor in harmony with the legislative purpose to provide insurance coverage for bodily injuries as set forth in the above-cited statutes." (Emphasis supplied.)

Also see, *State Farm Mutual Automobile Ins Co v Taylor,* 83 Mich App 603; 269 NW2d 242 (1978).

The more recent case of *Detroit Automobile Inter-Ins Exchange v Van Slyke,* 82 Mich App 237, 241; 266 NW2d 771 (1978), is also authority for the same ruling, wherein it is stated:

"We turn now to appellant's contention that an exclusionary clause which denies coverage to an insured for claims brought against him by a third person, defined by the policy as a 'named insured', violates public policy and is therefore void.

"On September 2nd, 1973, when the policy involved in the case at bar was issued, persons who owned or operated motor vehicles on Michigan highways were required to have an insurance policy in effect with liability coverage as specified in MCLA 500.3009; MSA

24.13009. That statute provides that no automobile liability policy shall be delivered or issued for delivery in this state unless it provides liability coverage of specified minima. The *statute provides for only one exclusion,* clearly inapplicable here. The exclusion contained in the policy before this Court is not authorized by the statute." (Emphasis added.) (Footnotes omitted.)

The proper construction and application of the legislative purpose and intent in enacting MCL 500.3009; MSA 24.13009 calls for *limiting* instead of *expanding* permissible exclusions in motor vehicle liability insurance policies to be issued thereunder and is in harmony with the public policy of our state.

Affirming the trial court's ruling based upon the construction of the statute, MCL 500.3009; MSA 24.3009, as contained in this concurring opinion permits the respective provisions under the Michigan no-fault automobile insurance act, requiring liability insurance for owners and operators of motor vehicles, to be given effect and is compatible with the liability of both *owners and operators* of motor vehicles recognized under the pertinent portion of the Michigan Vehicle Code. MCL 257.401; MSA 9.2101.

For the reasons herein stated this writer also votes for affirmance of the trial court.