FORD MOTOR CREDIT COMPANY, a Delaware Corporation, Plaintiff-Appellant,

v.

AETNA CASUALTY AND SURETY COMPANY, a Connecticut Corporation, Defendant-Appellee.

No. 82–1633.

United States Court of Appeals, Sixth Circuit.

Argued June 21, 1983.

Decided Sept. 19, 1983.

John P. Siler (argued), Bellairs, Dean, Cooley & Siler, Flint, Mich., for plaintiff-appellant.

Charles Tuffley, Denenberg, Tuffley, Thorpe, Bocan & Patrick, Susan Tukel (argued), Southfield, Mich., for defendant-appellee.

Before EDWARDS, Chief Judge, LIVE-LY, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Plaintiff Ford Motor Credit Company (Ford) appeals from a summary judgment for defendant Aetna Casualty and Surety Company (Aetna), in which the district court found Ford's claim time-barred under the terms of the insurance policy in issue. Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332. Michigan law controls. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We reverse.

## I

In December 1977 Cuzco Precision Products, Inc. (Cuzco) executed promissory notes to Ford in the amounts of $804,423 and $107,000. As collateral, Cuzco posted chattel mortgages granting Ford a security interest in certain industrial equipment and machinery. Aetna issued a standard casualty insurance policy to Cuzco covering the equipment and machinery outlined in the chattel mortgages.

On May 7, 1978 a fire occurred at the Cuzco facility, causing severe damage to the secured equipment and machinery. Shortly thereafter, Cuzco filed a timely proof of loss statement with Aetna, as required under the terms of the insurance policy. Within a year from the date of loss, Cuzco filed suit in federal district court against Aetna for failure to honor the submitted claim. Aetna defended on the ground that the fire resulted from arson involving at least one of the principals of Cuzco. Following a jury trial, a verdict was returned on November 18, 1981, in favor of Aetna. The jury found specifically that the fire resulted from arson and that Cuzco and its officials committed fraud in the submission of the insurance claim. The judgment of the district court was affirmed by this court in an unpublished order *Cuzco Precision Products, Inc. v. Aetna Cas. & Sur. Co.,* 716 F.2d 902 (1983).

In the interim, on January 9, 1980, Ford sent a letter to Aetna requesting direct payment under the insurance policy for the damaged equipment and machinery covered by the security agreement. In response, on April 28, 1980, Aetna requested Ford to submit a proof of loss statement within thirty days. Ford tendered an appropriate proof of loss statement. It subsequently filed the present action against Aetna for failure to honor the insurance claim.

At trial, both parties moved for summary judgment. The district court found that Ford was a "mortgagee" under the insurance policy and therefore its rights under the policy were unaffected by Cuzco's fraud. However, the court held that under the applicable provisions of the insurance policy a mortgagee is not exempt from the policy's requirement of filing suit within one year from the date of loss. Consequently, Aetna's motion for summary judgment was granted on the ground that Ford failed to file suit within a year from the date of loss. This appeal ensued.

## II

Under Michigan law, insurance policies are to be construed in a manner consistent with the ordinary and popular sense of the language used therein. *Michigan Mutual Liability Co. v. Mesner,* 2 Mich. App. 350, 353, 139 N.W.2d 913, 915 (1966). A technical construction of a policy's language which would defeat a reasonable expectation of coverage is not favored. *Crowell v. Federal Life & Casualty Co.,* 397 Mich. 614, 623, 247 N.W.2d 503, 506 (1976); *State Farm Mutual Automobile Insurance Co. v. Ruuska,* 90 Mich.App. 767, 777–78, 282 N.W.2d 472, 477 (1979), *aff'd,* 412 Mich. 321, 314 N.W.2d 184 (1982). When there is an ambiguity, insurance policies drafted by the insurer are to be construed in favor of the insured. *Fresard v. Michigan Millers Mutual Insurance Co.,* 97 Mich.App. 584, 590, 296 N.W.2d 112, 114 (1980), *aff'd,* 414 Mich. 686, 327 N.W.2d 286 (1982); *Shepard Marine Construction Co. v. Maryland Casualty Co.,* 73 Mich.App. 62, 64, 250 N.W.2d 541, 542 (1976). Accordingly, an insurer has a duty to express clearly the limitations in its policy; any ambiguity will be construed liberally in favor of the insured and *strictly* against the insurer. *Union Investment Co. v. Fidelity & Deposit Co. of Maryland,* 549 F.2d 1107, 1110–1111 (6th Cir.1977); *McNally v. American States Insurance Co.,* 308 F.2d 438, 445 (6th Cir.1962).

The central issue in the case involves the meaning of two pertinent contract provisions. Pursuant to M.C.L.A. § 500.2806, the policy in issue contained the following provision:

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless com-

menced within twelve months next after inception of the loss.

*See M.C.L.A.* § 500.2832 (lines 157–161). This limitation period begins to run from the date of loss. *Ford Motor Co. v. Lumbermens Mutual Casualty Co.,* 413 Mich. 22, 38, 319 N.W.2d 320, 325 (1982). If viewed in isolation, this provision undoubtedly would bar the instant action since Ford filed suit approximately two years subsequent to the date of loss. However, we agree with appellant that this limitation provision should not be read in isolation, but, rather it should be interpreted in conjunction with the mortgagee interests and obligations provision contained in the policy. *See Ford Motor Co., supra,* 413 Mich. at 35, 319 N.W.2d at 324 ("No one statutory provision should be separated from the others and considered alone. All provisions bearing upon a particular subject should be brought into view and interpreted so as to effectuate the fundamental purposes of the instrument.").

■ The mortgagee interests and obligations provision provides, in part, as follows:

If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit.

*See M.C.L.A.* § 500.2832 (lines 74–78). From the face of this provision it is clear that *only* "if the insured fails to render proof of loss" is the mortgagee required to submit a proof of loss statement. However, it is not clear whether this contingency also triggers the latter portion of the clause which provides that the mortgagee shall be subject to the provisions relating to the time of bringing suit. *See M.C.L.A.* § 500.-2832 (lines 76–78). If the contingency is read in the conjunctive, the logical conclusion is that if the insured does render proof of loss then the mortgagee is not obligated to file an additional proof of loss, and likewise is not subject to the contractual time limit for filing suit.

In the present case Cuzco rendered a proof of loss statement which arguably relieved Ford of any obligation to file an additional statement with Aetna or to sue within the one-year period. Moreover, Cuzco initiated a suit under the policy against Aetna within the one-year limitation period. We find it persuasive that Cuzco's suit rendered a similar suit by Ford duplicative and unnecessary. Because upon a fair reading the words in the above provision "may reasonably be understood in different ways," we conclude that the language is ambiguous and should be construed against Aetna and in favor of Ford. *Raska v. Farm Bureau Insurance Co. of Michigan,* 412 Mich. 355, 362, 314 N.W.2d 440, 441 (1982). Accordingly, we hold that Ford's claim is not time-barred under the provisions of the insurance policy.

### III

■ Ford has also filed a motion to "strike issue No. 1 as stated in appellee's brief for failure to appellee to file a cross-appeal." We grant the motion to strike.

As indicated, the district court found that Ford enjoyed "mortgagee" status under the insurance policy. Since this finding was favorable to Ford and had no impact on the summary judgment ruling, it was not appealed by appellant. Nonetheless, in an attempt to bar Ford's claim on alternative grounds, Aetna challenges the finding that Ford is a mortgagee. It is Aetna's position that Ford is a "loss-payee" under the insurance policy, and, therefore Ford's claim should be barred by Cuzco's fraud.

Under Rule 4(a)(3) of the Federal Rules of Appellate Procedure, Aetna was required to file notice of appeal as a prerequisite to presenting this issue to this Court. Accordingly, Aetna's failure to perfect a cross-appeal prevents our consideration of the issue. *See Massachusetts Mutual Life Insurance Co. v. Ludwig,* 426 U.S. 479, 480, 96 S.Ct. 2158, 2159, 48 L.Ed.2d 784 (1976) (In the absence of a cross-appeal "the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary."),

quoting *United States v. American Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087 (1924). *See also* The Practitioners' Handbook For Appeals To The United States Court of Appeals For The Sixth Circuit 31 (rev. ed. 1981).

The judgment of the district court is reversed and the cause remanded for disposition on the merits. No costs are taxed. The parties will bear their own costs in this appeal.