**SUN INSURANCE COMPANY OF NEW YORK, a foreign corporation, and William McGee & Company, Inc., a Michigan corporation, Plaintiffs,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, a foreign corporation, Defendant.**

Civ. A. No. 89–CV–70048–DT.

United States District Court, E.D. Michigan, S.D.

Sept. 11, 1989.

Michael J. Black, Southfield, Mich., for plaintiffs.

James R. Case, Detroit, Mich., and James M. Hoey, Chicago, Ill., for defendant.

## OPINION

DUGGAN, District Judge.

This is an insurance dispute removed from the state court. The parties insured Interbake Foods, Inc., a cookie maker. Plaintiffs provided all risk coverage; defendant issued an equipment policy. On October 26, 1987, employees of the insured discovered that a mercury thermometer had burst in a mixing vat prompting, in part, the recall and disposal of finished goods valued at $516,214. Of the insured's $561,-910 total loss, plaintiffs paid $526,910 [1] and now "seek contribution from ... [d]efendant for its pro rata share of the loss sustained by Interbake Foods, Inc." Complaint, at paragraph 14. Defendant insists that its liability is *limited* to the $25,000 it has already paid. Cross-motions for summary judgment are before the Court.

Defendant's policy provides in relevant part:

This policy does not apply:

\* \* \* \* \* \*

Increased Cost Limitations. To any increase in the loss necessitated by any ordinance, law, regulation, rule or ruling regulating or restricting repair, alteration, use, operation, construction or installation. If, as a result of an Accident any property is damaged, contaminated or polluted by a substance declared by an authorized governmental agency to be hazardous to health, the Company's liability under Coverages A, B and C for additional expenses incurred for cleanup, repair or replacement, or disposal of that damaged, contaminated or polluted property shall not exceed $25,000. This limit is part of and not in addition to the Limit per Accident. As used here, additional expenses mean expenses incurred beyond those for which the Company would have been liable if no substance hazardous to health had been involved in the Accident.

The Court must decide whether the limitation quoted above is inoperative, as plaintiffs contend, or fully effective, as defendant contends. For the reasons stated below, the Court finds the limitation applicable and, on this basis, grants defendant summary judgment.

Plaintiffs argue that the insured's losses were *not* sustained because of (or were *not* proximately caused by) the *hazardous nature* of the contaminant, but because its product was not merchantable:

If the vat of chocolate had been contaminated by a non-hazardous substance, to the extent that the contamination damaged the product's integrity, Interbake would still have voluntarily withdrawn the potentially affected product from the market, resulting in a loss of sales. In addition, Interbake would have incurred expenses for cleaning the potentially contaminated equipment and for the disposal of the potentially contaminated product. Accordingly, Interbake did not incur any identifiable expenses in this case that

1. Defendant paid $25,000. The claim was also    subject to a $10,000 deductible.

would not have been incurred if a non-hazardous substance had been involved in the accident.

Plaintiffs' brief in support at 5–6. Plaintiffs contend, then, that the losses sustained by the insured were not "additional expenses" within the meaning of defendant's policy limitation. The Court disagrees.

Contrary to plaintiffs' suggestion, "additional expenses" are *not* defined as expenses in addition to those for which defendant would have been liable *if the property had been contaminated by a non-hazardous substance.* Rather, the policy, as noted earlier, defines such expenses as "expenses incurred beyond those for which [defendant] would have been liable if no substance hazardous to health had been involved in the Accident." The difference is more than semantical. In this Court's opinion, the plain language of defendant's policy treats expenses as additional (and thus subject to the $25,000 limitation) if, *in the absence of the hazardous substance,* the loss or damage would have been reduced. Here, as defendant correctly observes, if no mercury had spilled, the insured's loss would have been to the temperature probe alone, and not its finished product.

Plaintiffs' argument that the loss suffered by the insured would have been the same whether the product was contaminated by "hazardous" substances or "non-hazardous" substances and, therefore, that the limitation on "additional expenses" is not applicable, lacks merit. The insurer in this case drafted the limitation on "additional expenses" to apply only to contamination by a "hazardous" substance. Whether or not the insured may have suffered the same loss had the contamination been the result of "non-hazardous" substances is simply not relevant; the only issue is whether or not the loss suffered by the insured (which is the subject matter of this lawsuit) resulted from contamination by "hazardous" substances. Since there appears to be no dispute that the contaminating substance, mercury, is a "hazardous" substance,[2] the "Increased Cost Limitations" provision of defendant's policy is applicable.

Plaintiffs' reliance on *Hampton Foods, Inc. v. Aetna Casualty and Sur. Co.,* 787 F.2d 349 (8th Cir.1986) and *Henri's Food Products Co. v. Home Ins. Co.,* 474 F.Supp. 889 (E.D.Wis.1979) is misplaced. In both *Hampton Foods* and *Henri's,* the insurer denied coverage for damage to the insured's inventory invoking a "law and ordinance" exclusion, *i.e.,* a provision excluding coverage for loss occasioned by conduct of a governmental body. In each case, the court considered the exclusion inapplicable, reasoning that the damage was caused not by governmental condemnation as suggested by the insurers, but by an underlying event—in *Hampton Foods,* a storm; in *Henri's,* chemical contamination.

In this case, the defendant is not contending that the limitation applies because the loss was occasioned by governmental action. Rather, defendant contends that the loss was occasioned by contamination by hazardous substances. Like the storm in *Hampton Foods* and the chemical contamination in *Henri's,* the mercury, *i.e.,* the hazardous substance, was the *real* cause of the increase in loss in this case, not any governmental action.

Nor is plaintiffs' construction of defendant's limitation strengthened (as they now contend) by the frequently repeated rule that ambiguity must be construed "liberally in favor of the insured and *strictly* against the insurer." See *Ford Motor Credit Co. v. Aetna Casualty & Sur. Co.,* 717 F.2d 959, 961 (6th Cir.1983) (interpreting Michigan law) (emphasis in original), cited by plaintiffs. First, as alluded to earlier, the Court finds no ambiguity in the

---

**2.** See defendant's brief in support, at p. 14 ("There is no dispute that mercury is declared to be hazardous to health by an authorized governmental agency.") and exhibit "3I" (an F.D.A. Inspections Operations Manual indicating mercury to be hazardous). See also plaintiffs' reply brief, at p. 4 ("the fact that the substance was deemed hazardous by a governmental agency [does not limit] American Motorists' liability in this case").

limitation. In this vein, the following passage is instructive:

> [I]f a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation it may not be said to be ambiguous or, indeed, fatally unclear.

*Raska v. Farm Bureau Mutual Ins. Co.,* 412 Mich. 355, 362, 314 N.W.2d 440 (1983). Second, plaintiffs are not the insureds, a distinction raised in *Auto–Owners Ins. Co. v. Blue Cross & Blue Shield of Michigan,* 132 Mich.App. 800, 349 N.W.2d 238 (1984) as well:

> [I]n the instant case, the subscribing member is not the plaintiff or even a party to the suit. As stated earlier, Mrs. Stirdivant will or has had her medical expenses paid, no matter who wins this suit. The dispute is simply between two insurers, one of whom (plaintiff) seeks to avoid liability under its own insurance policy. Under these circumstances, we doubt that Auto–Owners is entitled to the presumptions which could be applied to the subscribing member. Accordingly, even if the contract in the instant case were ambiguous as to the risk insured, plaintiff could not prevail.

*Id.* at 818–819, 349 N.W.2d 238.

The insured's testing, recall and disposal actions which makeup its losses—see exhibit "C" to plaintiffs' motion—constitute "additional expenses" as used in defendant's limitation. As such, plaintiffs are not entitled to the pro rata contribution sought.

For the reasons stated above, plaintiffs' Motion for Summary Judgment must be DENIED, and defendant's Motion for Summary Judgment must be GRANTED.

An order consistent with this opinion will issue.